[S. F. No. 216.   In Bank.—January 29, 1896.]

## MAGGIE BARRETT, PETITIONER, *v.* SUPERIOR COURT OF PLACER COUNTY, RESPONDENT.

ESTATES OF DECEASED PERSONS—CITATION TO ADMINISTRATOR AND SURE-TIES—APPEARANCE—CONTINUANCE—ORDER FOR MORE SECURITY—SER-VICE—CESSATION OF RIGHT.—Where the court, in a proceeding under section 1394 of the Code of Civil Procedure, continues the hearing under a citation upon an administrator and sureties for examination as to suffi-ciency of the sureties, after an appearance of the administrator in per-son and by attorney, such continuance has the effect to continue such appearance and to give to the order for more security, made at the ad-journed hearing, the same effect as if made at the close of the original hearing, and no service of such order is required in order to effect the cessation of the right of administration, upon failure to comply with the order within the time limited therefor.

ID.—EXCEPTION TO ORDER—REQUEST TO APPROVE ADDITIONAL BOND—WAIVER OF OBJECTION.—An objection that the order requiring addi-tional security was not served is waived by taking an exception to the order when made, and by a subsequent request to the court to approve an additional bond required by the court.

ID.—ORDER SUSPENDING POWERS OF ADMINISTRATOR—APPOINTMENT OF SPECIAL ADMINISTRATOR—POWER OF COURT—CERTIORARI.—Upon fail-ure of an administrator to file the additional security required by order of the court, the court is required to appoint as administrator the person next entitled to administration who will execute a sufficient bond, and has authority to suspend the powers of the administrator until such further appointment can be made, and meanwhile to appoint a special administrator of the estate; and such orders are not subject to be an-nulled upon *certiorari.*

PETITION in the Supreme Court for a writ of *certiorari* to review and annul an order of the Superior Court of the county of Placer suspending the powers of the peti-tioner as administratrix of the estate of Joseph Byrne, deceased, and appointing Jonathan Fulton as special administrator thereof.   J. E. PREWETT, Judge.

The facts are stated in the opinion of the court.

*George B. Merrill,* for Petitioner.

An order imposing a penalty for disobedience must be served personally, and notice to counsel is not sufficient. (*Tebo* v. *Baker,* 77 N. Y. 33; *Sudlow* v. *Pinckney,* 1 Demarest, 158; *Freiberg* v. *Branigan,* 3 Abb., N. C., 121; Code Civ. Proc., secs. 1015, 1016; *Johnson* v. *Superior Court,* 63 Cal. 580; *Gasque* v. *Moody,* 12 Smedes & M. 153; *Estate of Barnes,* 1 Civ. Proc. Rep. 59; *Matter of Snyder,* 34 Hun, 302; 103 N. Y. 178.) A hearing upon an order for examination of sureties does not include a hearing upon an order requiring additional security, and the administratrix was entitled to a hearing on that question. (*Schroeder* v. *Superior Court,* 70 Cal. 343; *McMillan* v. *Hayward,* 94 Cal. 361; *Hanifan* v. *Needles,* 108 Ill. 403, 411; *Wingate* v. *Wooten,* 5 Smedes & M. 245, 247; *Ward* v. *State,* 40 Miss. 108.) The court had no jurisdiction to suspend the administratrix nor to appoint a special administrator, there being no verified petition to inaugurate the proceedings. (Code Civ. Proc., secs. 1397–1400; *Munroe* v. *People,* 102 Ill. 406; *Schroeder* v. *Superior Court, supra; In re Welch,* 86 Cal. 183.)

*John M. Fulweiler,* for Respondent.

If the court had power to suspend the administratrix, it had power to appoint a special administrator. (Code Civ. Proc., sec. 1411, et seq.) The administratrix having had notice of the citation, and having appeared thereto, her power ceased upon failure to give the addition bond required as matter of law. (Code Civ. Proc., sec. 1395.)

HARRISON, J.—The petitioner was appointed the administratrix of the estate of Joseph Byrne, deceased, January 23, 1895, and having filed an undertaking as such administratrix, in accordance with the order of the court therefor, in the sum of seven thousand dollars,

with two sureties, who were approved by said court, letters of administration were issued to her. June 15, 1895, the judge of said court, of his own motion, ordered a citation to be issued to the sureties on said undertaking, requiring them to appear before him at the court-room in said county, on the twenty-fourth day of June, to be examined touching their property and its value, and that a citation be issued also to the administratrix requiring her presence at said hearing. In obedience to said citation, said sureties and the administratrix appeared at said time and place, and the sureties were then examined by the judge, and the further hearing continued for one week. July 1st an order was made and entered by said court to the effect that said sureties were insufficient, and requiring the administratrix to file additional security within five days. This order was not served upon the administratrix, nor was any notice thereof given her, nor was any order made that she be notified thereof. July 9, 1895, an order was made by the court suspending the powers of the administratrix, and also another order appointing a special administrator of said estate. The present application is for a writ of review, and to annul the last-named orders upon the ground that they were without the jurisdiction of the court. The ground upon which it is claimed by the petitioner that the order was without the jurisdiction of the court is that no notice of the order requiring her to give the additional security was ever served upon her, and that before she could be in default for not complying therewith she was entitled to notice thereof, and that without such service of notice the court had no power to make an order visiting her with any penalty.

The proceedings were taken under the provisions of section 1394 of the Code of Civil Procedure, and the petitioner was present in person and by her attorney at the hearing of the citation. At the close of the examination on that day an order was made by the court and entered in its minutes, "That the further hearing of the matter be regularly continued and deferred for one

week, to wit, July 1, 1895, at 1:30 P. M." July 1st the
court made an order finding that the sureties were in-
sufficient, and "that said administratrix, within the five
days next ensuing, cause to be executed and presented
to this court or the judge hereof, for approval, additional
security, as follows" (specifying the amount); and it
was also stated in this order, "that said administratrix
is represented in court at the time of the rendition and
entry of this order by her attorney, and that she was
regularly cited to be present at this hearing." The
minutes of this day were subsequently amended by the
court to show " that said administratrix was represented
in said court at said time by her attorney, W. B. Lard-
ner, and that said Lardner then and there on her behalf
excepted to the said order requiring further security,
and granting her five days within which to give the
same. July 9th an additional bond was presented on
behalf of the administratrix, with a request by her
counsel that the same be approved by the court. This
request was denied, and the court then made an order,
"That the right of the administratrix to the adminis-
tration of this estate cease"; and on the same day made
another order, " that her powers as such administratrix
be and the same are hereby suspended, and her letters
as such revoked, until a further hearing upon the ques-
tion of her permanent removal, now pending, be heard
on September 12, 1895."

The administratrix was present in person, and was
also represented by her attorney, at the hearing on June
24th, and, if the court at the close of the hearing on
that day had determined that the sureties were insuf-
ficient, and made the order requiring her to give addi-
tional security within five days, it would have been a
personal direction to her to that effect, and her failure
to comply with such order would have caused her right
to the administration to cease. Section 1395 does not
require any order to be served upon the administratrix,
but declares that the mere failure to give the security
within the time fixed by the judge's order shall of itself,

without any further action on the part of the court, cause the right of the administrator to the administration to cease. The continuance of the hearing from June 24th to July 1st had the legal effect to continue until that day the appearance in person and by attorney, which the administratrix made on the 24th of June, and to give to the order that was made on the 1st of July the same effect as if it had been made at the close of the hearing on the 24th of June. Having taken an exception to the order when it was made, it would not be competent for the administratrix afterward to make the objection that the order had not been served upon her. Her subsequent request to the court to approve "the additional bond heretofore required by the court," must also be regarded as a waiver of the service of the order, even if a service thereof was required.

Upon the failure of the administratrix to file the additional security required by the order of June 24th, and the consequent cessation of her right to the administration of the estate, the court was required by section 1395 to appoint as administrator "the person next entitled to the administration on the estate, who will execute a sufficient bond," and was authorized to make an order suspending the powers of the petitioner until such further appointment could be made, and in the meantime to appoint a special administrator of the estate. (Code Civ. Proc., sec. 1411.)

The alternative writ heretofore issued is discharged.

GAROUTTE, J., VAN FLEET, J., McFARLAND, J., TEMPLE, J., HENSHAW, J., and BEATTY, C. J., concurred.

Rehearing denied.