[Sac. No. 60.  Department One.—March 28, 1896.]

IN THE MATTER OF THE ESTATE OF JOSEPH BYRNE, DECEASED

ESTATES OF DECEASED PERSONS—SALE OF REAL ESTATE—PATENT TO MINERAL LAND—SUFFICIENCY OF PETITION—CONSTRUCTION OF CODE.—A tract of land, for which a mineral patent has been issued, and of which the deceased was the owner in fee simple, and upon which no mining has been done for a series of years, cannot be summarily sold as a mine or mining interest under sections 1529–33 of the Code of Civil Procedure, and can only be sold under a petition stating the facts required for the sale of real estate under section 1537 of the same code; and a petition not stating such facts cannot support an order of sale of such tract.

APPEAL from an order of the Superior Court of Placer County directing the sale of real estate.  J. E. PREWETT, Judge.

The facts are stated in the opinion of the court.

*W. B. Lardner*, and *George B. Merrill*, for Appellant.

The court had no power to grant the petition, as the administration of the estate was intrusted to the administratrix, and is to be administered according to her discretion within certain limitations.  (Code Civ. Proc., secs. 1529–33.)  The petition is insufficient to give the court jurisdiction to make the order of sale, as the de-

scription of property is insufficient. (*Richardson* v. *Butler*, 82 Cal. 174; 16 Am. St. Rep. 101; *Wilson* v. *Hastings*, 66 Cal. 243.) The petition fails to set forth the general facts of the estate. (Code Civ. Proc., secs. 1518, 1530.) The petition does not comply with section 1537 of the Code of Civil Procedure, in failing to set forth the amount of personal property in the hands of the administratrix and the other requirement of that section. (*Estate of Boland*, 55 Cal. 314.) The decree fails to show that the defects of the petition were supplied at the hearing. (*Kertchem* v. *George*, 78 Cal. 600; *Estate of Rose*, 63 Cal. 349; *Estate of Smith*, 51 Cal. 563.)

*L. L. Chamberlain*, for Respondent.

If the petition asks for more than the court had authority to grant, it did not destroy the power of the court to grant what it was empowered to give under the jurisdictional facts alleged. (*Stuart* v. *Allen*, 16 Cal. 499; 76 Am. Dec. 551.) The description of the property was sufficient, as the petition refers to the inventory and appraisement, which contains a full description. (Code Civ. Proc., sec. 1530; *Richardson* v. *Butler*, 82 Cal. 178; 16 Am. St. Rep. 101.) All that is necessary to allege is the due course of administration of the estate, the description of, and the condition and situation of, the mine itself, and the grounds upon which the sale is asked to be made. (Code Civ. Proc., sec. 1530, 1532.) Section 1537 of the Code of Civil Procedure has nothing to do with the case at bar, as all the proceedings after the order of sale are to be taken under sections 1529–33 of the Code of Civil Procedure. (Code Civ. Proc., sec. 1533.) The court has power by implication, on the petition of an heir or party in interest, to order the administratrix to make the sale. (Code Civ. Proc., sec. 1530.)

Harrison, J.—Appeal from an order directing the sale of certain real property belonging to the estate of the decedent.

The deceased died intestate, and letters of administra-

CXII. Cal.— 12

tion were issued upon his estate to Maggie G. Barrett, who duly made and returned to the court an inventory of the estate, and caused to be published a proper notice to his creditors. Thereafter one of the heirs at law of the deceased presented to the superior court a petition for the sale of certain real property belonging to the estate, upon the ground that it would be for the best interest of said estate that it should be sold, assigning various reasons therefor. The administratrix demurred to this petition, and filed certain objections thereto which were overruled, and the court made an order directing her to cause the property to be sold. From this order she has appealed.

The authority of the superior court to order the sale of any real property belonging to the estate of a deceased person depends upon the presentation of a petition therefor containing a statement of the facts required by section 1537 of the Code of Civil Procedure. The sufficiency of the petition is the basis of the order of sale, and upon a direct appeal from this order, if the petition is defective in any of these statutory requirements, it is fatal to the validity of the order.

It is conceded by the respondent that the petition fails to state many of the facts made requisite by section 1537. But it is contended by him that because the real property which he asks to have sold is a mine, that section is inapplicable, and that the proceedings are to be governed by the provisions of sections 1529–33 of the Code of Civil Procedure. These sections are headed "Summary Sales of Mines and Mining Interests," and form article III of the chapter providing for "Sales in General," while article IV of the same chapter is headed "The Sale of Real Estate, Interests therein, and Confirmation thereof." Section 1536 authorizes the making of an order for the sale of "real as well as personal property," and section 1537 declares that "to obtain such order" the petition therein referred to must be presented containing certain enumerated facts. It may be conceded that a mine, or an interest in a mine, belonging to

the estate of a decedent, where the only title is that of possession, which may be lost by abandonment or by failure to comply with local regulations, is subject to the provisions of article III, but it does not follow that a piece of real estate may be sold under these provisions, merely because there is thought to be mining ground within its boundaries.

In the present case the property which is directed to be sold is a tract of land containing one hundred and fifteen acres, of which the decedent was the owner in fee simple by virtue of a patent issued therefor by the United States. It was patented under a mineral entry in 1874, sixteen acres thereof "included in the same patent," being situate in a different township; and it is stated in the petition that no work has been done upon the mine for upward of twenty years. The description in the petition refutes the idea that the property is either a mine or a mining interest within the meaning of section 1623. There is no direct statement, either in the petition or in the order, that the property is either a mine or an interest in a mine, nor is it even stated that there is any mining ground upon the tract of land. Throughout the entire proceedings it is treated as real estate, except for the name which it bears—"Irish and Byrne mine." This, however, is not even evidence that the property is a "mine." The order of the court directs the administratrix to sell "the real estate belonging to the said estate hereinafter described," and, in giving the description of the property, proceeds:

"The following real estate, hereby authorized to be sold, being situate in the said county of Placer, state of California, and bounded and described as follows, to wit: An undivided one-half interest in and to the Irish and Byrne placer mine; also sixteen acres included in the same patent, situate at Wisconsin Hill, tp. 7, Placer county, Cal., more particularly designated as: Mineral entry No. 334, in the series of the Sacramento land-office . . . . in the Wisconsin Hill mining district, and containing 115.54 acres, more or less, and found more

fully described in book C of Patents, pages 265-9, Placer county records."

We hold, therefore, that the property directed to be sold is real estate, and that the court could not make an order directing the administratrix to sell it, unless there was presented to it such a petition as is required by section 1537 of the Code of Civil Procedure.

The order is reversed.

GAROUTTE, J., and VAN FLEET, J., concurred.

Hearing in Bank denied.