## BARRETT v. SUPERIOR COURT OF PLACER COUNTY.

### S. F. No. 539; January 18, 1897.

#### 47 Pac. 592.

**Administrator—Failure to Give Security.**—Under Code of Civil Procedure, section 1395, which provides that, if sufficient security is not given within the time fixed, the right of an administrator to the administration shall cease, etc., where an administratrix fails to comply with the order, and obtains no further time, she is not entitled to notice of an order revoking her letters after the limitation has expired.

**Administrator—Failure to Give Security.**—Where There has Been a failure to comply with an order for an administratrix to give additional security, an order "that the right of the administratrix to the administration of this estate cease" cuts off her powers, and ousts her from office.

Application by Maggie G. Barrett against the Superior Court of Placer County (J. E. Prewett, Judge), for a bill of review. Writ discharged.

George B. Merrill for petitioner; Benjamin P. Tabor for respondent.

GAROUTTE, J.—This is an application for a writ of review, asking the court to annul an order made by the superior court of Placer county in the month of May, 1896, appointing one Mitchell administrator of the estate of Joseph Byrn,

deceased. It is claimed that such order was beyond the jurisdiction of the court.

Petitioner, Maggie Barrett, was the administratrix of the estate of said deceased. Upon the fifteenth day of June, 1895, the judge of said court issued a citation to her and the sureties upon her bond, ordering them to appear before him upon a certain named day and be examined as to their property and its value. This hearing resulted in the court making an order, upon July 1, 1895, that the administratrix furnish additional security in a certain named amount within the next five succeeding days. This additional security was not furnished to the judge within the time fixed, but a new bond was presented to the judge for approval some seven days thereafter, and approval thereof was refused. Upon July 9th, at the hour of 10 A. M., said superior court made the following order, which was duly entered in its minutes, in the matter of the estate of Joseph Byrn, deceased: "That the right of the administratrix to the administration of this estate cease." Thereafter, upon the same day, at 2 P. M., the court made the following order, which was entered in the minutes: "That her powers as such administratrix be, and the same are hereby, suspended, and her letters as such revoked, until the further hearing upon the question of her permanent removal, now pending, to be heard on September 12, 1895."

Petitioner sustains her application for the writ upon the ground that her letters of administration had not been revoked when her successor was appointed, and, in fact, never have been revoked, and hence such appointment was without the court's jurisdiction. Some of the orders of the superior court made in this case have already been before us upon a writ of review (see Barrett v. Superior Court, 111 Cal. 154, 43 Pac. 519), and it was there, at least incidentally, held that a failure to comply with the order of the court requiring the giving of additional security resulted, ipso facto, in a revocation of her letters. This court said: "Section 1395 does not require any order to be served upon the administratrix, but declares that the mere failure to give the security within the time fixed by the judge's order shall, of itself, without any further action on the part of the court, cause the right of the administrator to the administration to cease." The section declares: "If sufficient security is not given within the

time fixed by the judge's order, the right of such executor or administrator to the administration shall cease, and the person next entitled to the administration on the estate, who elects to give a sufficient bond, must be appointed to the administration.'' This language is clear, explicit and positive, and we are not at all prepared to say that the construction given it in the former opinion of the court is not the correct one.

Conceding the letters of the administratrix were not revoked by operation of law, then we have the order of 10 A. M., July 9th, that the right of the administratrix to the administration of this estate cease. If her powers and rights as administratrix did not, ipso facto, cease upon her failure to file the bond within the time required, then this order of the court cut off those powers and rights, and completely ousted her from office. The validity of this order is attacked upon the ground that it was made without notice. But no notice is required by the statute, and no notice was necessary. Both the court and the administratrix knew all the facts. There was no evidence to take. The administratrix was required to file additional security within five days. When she failed to comply with the order, and obtained no further time in which to comply with it, either one of two results necessarily followed; that is, by operation of law she was no longer administratrix of the estate, or, if an order of the court was necessary to revoke her letters, then they were revoked, for such an order was made. With either construction of the statute, her position is equally unfortunate. It is evident that the order was intended to revoke her letters. There was no other reason for making it. It meant this, or it meant nothing. It was broad enough to cover the ground. It was not required to be in any particular form, and was sufficient to serve every purpose intended.

The order made at 2 P. M. upon July 9th becomes immaterial, and the consideration of it unnecessary in view of the construction given the order of 10 A. M. If petitioner was removed from office by an order made at 10 A. M., and her letters revoked, an order made some hours later served no effective purpose, unless it could be construed as setting aside the earlier order. It does not purport to do so. This could hardly be its construction by implication; and, in the absence of express and direct language indicating such inten-

tion on the part of the court, we could not so hold. We find no such clear intention in the order. It is recited in the record that the later order was made by mistake and inadvertence. Whatever may be the true reason is immaterial, and the order of 10 A. M. must stand. The administratrix having been ousted from office, and her letters revoked, the court did not exceed its jurisdiction in appointing her successor. For the foregoing reasons the writ is discharged.

We concur: Van Fleet, J.; Harrison, J.