[Sac. No. 478.   Department Two.—October 8, 1898.]

Estate of JOSEPH BYRNE, Deceased.   MAGGIE G. BAR-RETT, Appellant, v. BERRY MITCHELL et al., Respondents.

ESTATES OF DECEASED PERSONS—SETTLEMENT OF ACCOUNTS OF ADMINISTRA-TRIX—PRELIMINARY EXPENSES.—An administratrix is not entitled to charge against the estate of the decedent her expenses incurred in traveling when taking steps to apply for letters of administration, or in attending the hearing of a contest over letters of administration.

ID.—ITEMS ALLOWED AND INADVERTENTLY OMITTED.—Items allowed by the court in its findings, but inadvertently omitted from the order settling the accounts of the administratrix, should be corrected by calling the attention of the court to the oversight, and are not the subject of appeal prior to an application for such correction by the superior court.

ID.—TRAVELING EXPENSES—DISSUASION FROM SALE OF MINING PROP-ERTY.—An administratrix is entitled to traveling expenses necessarily incurred in legitimate efforts to preserve the estate; but an order rejecting an item for her traveling expenses to dissuade an heir at law from petitioning for the sale of mining property, will not be disturbed, except upon a clear showing that the moneys were thus necessarily and properly expended.

ID.—APPEAL FROM ORDER OF SALE—ATTORNEY'S TRAVELING EXPENSES.—Where the local attorney representing an administratrix in the settlement of the estate was not in favor of appealing from an erroneous order of sale of real estate, and the administratrix employed another attorney to take an appeal therefrom, the reversal of the order justifies the appeal and every step taken in its prosecution; and the proper traveling expenses of the attorney thus employed, to enable him intelligently and properly to take and prosecute the appeal, should be allowed in addition to his fees in the settlement of the accounts of the administratrix.

ID.—ALLOWANCE OF ATTORNEYS' FEES—DISCRETION OF SUPERIOR COURT.—The allowances for attorneys' fees in the settlement of the accounts of the administratrix are in the discretion of the superior court. and cannot be disturbed upon appeal, where it cannot be said that the superior court has abused its discretion, though the allowances may seem unusually meager.

ID.—UNNECESSARY APPLICATION FOR PROHIBITION.—Items of expenditure made by the administratrix upon an unnecessary and unsuccessful application for a writ of prohibition, which was known to be unnecessary, should be rejected.

ID.—ORDER OF REMOVAL OF ADMINISTRATRIX—EXPENDITURES DISALLOWED.—Expenditures incurred after an order made removing the administratrix, for failure to give additional security required, in contesting the validity of the order, and also items of expenditure incurred in her efforts to procure another undertaking, were properly disallowed.

APPEAL from an order of the Superior Court of Placer County settling the final account of an administratrix. J. E. Prewett, Judge.

The facts are stated in the opinion of the court.

George B. Merrill, and W. B. Lardner, for Appellant.

Taber & Taber, Pullen & Wallace, and J. M. Fulweiler, for Respondents.

HENSHAW, J.—This is the appeal of Maggie G. Barrett from the order settling her final account as administratrix of the estate of Joseph Byrne, deceased.

1. The first rejected item is for $7.70. It represents the railroad fare and expenses of appellant incurred upon a trip from San Francisco to Auburn before she had applied for letters of administration, but when she was taking steps so to do. It was properly rejected. It has been decided that the compensation of an attorney to aid an applicant in securing letters, whether the application be successful or not, is no proper charge against the estate. (*Estate of Simmons*, 43 Cal. 543.) This item of expense incurred in the same manner stands upon no different plane.

2. For the same reason the rejection of the second item, also for $7.70, for traveling expenses in attending the hearing of the contest over letters of administration, was also proper.

3. This item of $8.25 was allowed by the court in its findings, but by some inadvertence its allowance was not inserted in the order. If the attention of the trial court had been directed to the oversight, it would undoubtedly have been corrected. It

should be allowed as of course, but the circumstances do not justify an appeal, since the administratrix should have first called them to the attention of the probate court.

4. The court retired this item of $12.75. It represented the expenses of the administratrix in traveling from San Francisco to Iowa Hill in her effort to dissuade Patrick Byrne, the only heir at law of the deceased residing in the state of California, from petitioning for the sale of a piece of realty belonging to the estate, and called the Irish and Byrne mine. The administratrix was strongly opposed to parting with this property, and Patrick Byrne seems to have as strongly favored its sale. Upon his application a sale was decreed, which decree upon the administratrix's appeal was set aside by this court as having been based upon an insufficient petition. (*Estate of Byrne*, 112 Cal. 176.) The administratrix is entitled to her traveling expenses necessarily incurred in her legitimate efforts to preserve the estate, and properly incurred in distributing its assets. But we will not disturb an order rejecting such an item as this, except upon a clear showing that the moneys were thus necessarily and properly expended. Such a showing is not here made.

5. Of this item of $20 but $5 was allowed. In support of it the administratrix testified that when she went to Iowa Hill she stopped at Mr. Watt's house. He accompanied her to the mine and other places. She sent him $20 for his services and for her board. The first time she was there was when her intestate died. She supposed she stayed there altogether two days and more. It thus appears that one of these visits was before she was appointed administratrix, and still another when she went to dissuade Patrick Byrne from his attempt to procure an order of sale of the property. Moreover, in the succeeding item her expenses to Iowa Hill for one trip, aggregating $17.10, were allowed. It may not be said that the court was not justified in thus refusing to allow the full amount.

6. This item of $17.10 was allowed in the finding and omitted in the order. It stands precisely as does item 3, *supra,* and it is conceded should be credited to appellant.

7. Item 7 is for $20 expenses of George B. Merrill in visiting Auburn. Item 8 is for $7.50 paid as clerk's fees in the supreme court upon filing the administratrix's application for a

writ of prohibition. Item 9 is for $100 moneys paid to George
B. Merrill upon account of legal services rendered the adminis-
tratrix. It was allowed for $50. Item 10 aggregates $78.80.
It represents moneys expended for clerk's fees, printing, and the
like in the matter of the administratrix's application for a writ
of review, the decision in which will be found reported in vol-
ume 111 of our reports, at page 154. Item 11 is for $10 moneys
paid as expenses to George B. Merrill to argue before the su-
preme court at Sacramento the appeal from the order of sale of
real property. (See *Estate of Byrne, supra.*) Item 12 for
$6.75, item 13 for $66.95, and item 14 for $22.10, were incurred
after the administratrix's removal from office. They represent
for the most part expenditures made in her unsuccessful at-
tempt to secure her reinstatement. Item 15 is for $600, the
value of legal services rendered by W. B. Lardner as attorney
for the administratrix. It was allowed for $200. Item 16 is
for $1,300, the value of the services of George B. Merrill as at-
torney for administratrix. It was rejected *in toto*, saving that
$50 was allowed of the $100 paid in item 9, *supra*. These items
may be considered collectively. The expenditures represented
by them were incurred under the following state of facts: The
administratrix was not an heir of the deceased. She was the
sister of his deceased wife. The only heir at law residing in the
state of California was Patrick Byrne, a brother. The admin-
istratrix lived in San Francisco, while the estate was in probate
in Placer county. She was opposed to selling the interest of
the estate in the Irish and Byrne mine, which in reality was not
a mine at all, but consisted of one hundred and sixteen acres
of land patented under a mineral entry but wholly undeveloped.
Adjacent placer mines were being successfully worked, and she
believed that by delaying the sale a much greater price could
be obtained. Upon petition of Patrick Byrne the estate's inter-
est was ordered sold, notwithstanding the opposition of the
administratrix. At that time W. D. Lardner was her attorney.
He resided at Auburn, Placer county. No question arises as to
his skill and ability to conduct all the proceedings and litigation
on behalf of the administratrix. After the order of sale the
administratrix desired to appeal. She says she talked to Lard-
ner, and did not think he favored an appeal, but Lardner offers

no evidence pro or con upon the matter. Returning to San Francisco she consulted Mr. Merrill. He made a trip to Auburn, for the expenses of which $20 were charged in item 7 and rejected. Mr. Merrill examined the papers in the case, and consulted Mr. Lardner, with the result that an appeal was taken terminating in a reversal of the order for insufficiencies in the petition. (*In re Byrne, supra.*) Both Lardner and Merrill appeared as attorneys of record in the appeal. The latter went from San Francisco to Sacramento to argue it before the appellate court, and the claim of $10 for his expenses upon that trip constitutes the rejected item number 11. As to the need of employing Mr. Merrill, in addition to what has been said, the only further evidence in the record is that of the administratrix, who states that since she resided in San Francisco she thought she needed counsel in that city, as she could not have Mr. Lardner running back and forth.

After the appeal from the order of sale was perfected the administratrix refused to carry out its terms. Upon a showing of this fact made to the court by the petitioning heir at law, Patrick Byrne, she was ordered to show cause, upon a day set, why she should not comply with the order. Without making any showing before the probate court, and without consulting Mr. Lardner, Mr. Merrill sued out in the supreme court an alternative writ of prohibition, directed to the trial judge, to restrain the proceedings which it was alleged he was about to take and to order. Prior to this, however, the probate court had become convinced that the order of sale was suspended under the appeal, and had vacated the order to show cause and dismissed the application upon which it was based. This was known to Mr. Lardner, who in turn notified Mr. Merrill. Notwithstanding, the judge was served with process from the supreme court under the application for the writ of prohibition, and upon the day set for its hearing his answer was presented, showing that long previously the proceeding in his court had been dismissed. The matter thus terminated in the supreme court by the discharge of the writ. Rejected item number 8 is for fees in the matter of this application. The probate court holds that the expenses attending these matters were not proper charges against the estate, because the proceeding in the probate court would have

been annulled if that court's attention had been directed to the authorities bearing upon the question; that in fact the court examined the authorities and of its own motion dismissed the citation before the proceeding in the supreme court had been filed; and, finally, because appellant's attorney insisted upon serving the judge of the court with the citation from the supreme court, after knowledge that the proceeding in the probate court had been dismissed.

While the appeal from the order of sale was pending in the superior court steps were taken against this administratrix which terminated in her removal and in the appointment of another as administrator. After her removal she unsuccessfully contested these orders and decrees under petition for writs of review in the supreme court. (See *Barrett v. Superior Court*, 111 Cal. 154, and the unreported case of *Barrett v. Superior Court*, S. F. No. 539.) The other items above set forth represent expenditures that she made after she had been removed from office, and while she was contesting the order of removal. She had been required to give additional security upon her bond as an administratrix, and had failed to do so within the time limited in the court's order. Some of the charges represent expenditures which she incurred in her efforts to procure another undertaking. The court was certainly justified in its refusal to allow each and all of these items.

There is thus left for consideration the items of attorneys' fees. Of these, Mr. Lardner's charge of $600 is reduced to and allowed for $200. Mr. Merrill's charge, amounting to $1,400, is allowed for $50. It is to be remembered that neither the personal representative in employing an attorney, nor the court in allowing compensation for that attorney, is dealing with or expending any moneys of their own. They both stand in the position of trustees managing the property of the heirs at law, or devisees, for their benefit, and for the benefit of the estate's creditors. It is their duty, as it is the duty of all trustees, to exercise the highest diligence and to limit the expenditures with a wise prudence and economy. They have no right to be liberal with the money of the heirs of the dead man. They have no right to incur, or to allow, any item of expense which would not be incurred by a prudent man in the proper management of

his own affairs. Too often this court has viewed with grave perturbation the action of trial judges in allowing enormous fees to attorneys from moneys over which they were charged with the high duties of trustees. It has frequently expressed. its extreme regret that under the usual conflict of evidence upon the question it has been unable to correct a manifest abuse. It is a new departure when, instead of the heirs complaining that their estates have been looted by excessive attorneys' fees, the attorneys themselves come before the court complaining of inadequate compensation. Every attorney should be fully and fairly paid for his services, having in mind their nature, their difficulty, the value of the estate, and the responsibility thus cast upon the counselor. But upon the other hand, as has been said before, no judge has the right to be liberal with the moneys of an estate. (*Freese v. Pennie*, 110 Cal. 467.) Circumstances might arise where the administrator would be justified in calling into consultation and in employing additional counsel, but the court in this case determined that no such necessity existed, and we are not disposed to question that conclusion. The fact that the administratrix resided some distance from the county in which the estate was probated did not justify her in burdening the estate with the fees of two attorneys. The court finds that Mr. Lardner, who was first employed, and who continued in the employment until the removal of the administratrix, was thoroughly competent to transact all the legal business necessary for the protection of the estate, and further declared that the legitimate business was not complicated nor excessive. By far the greater part of the services rendered by Mr. Merrill, it will be observed, was in unsuccessful attempts to retain for her her position, and to recover it for her after it had been lost. Where a personal representative has been removed for cause, it can scarcely be held that her attorneys' fees in preventing her removal should be made charges against the estate. For the rest, the court allowed Mr. Merrill $50 for his services upon an appeal from the order of sale, while declaring that Mr. Lardner was fully able to have perfected the appeal and prosecuted it to its outcome. We cannot say, under the circumstances, as matter either of law or fact, that the court should have awarded a greater sum.

The order appealed from will be modified in accordance with the findings of the trial court in the indicated particulars. In all other respects it stands affirmed. Each party will bear his respective costs upon this appeal.

Temple, J., concurred.

McFARLAND, J., concurring.—I concur in the judgment solely on the ground that the matter of compensation of attorneys was within the discretion of the court below, and that, under former decisions, a case is not here presented which warrants us to interfere with that discretion. Personally, I think that the amount allowed Mr. Merrill for services as attorney was too small.

The following opinion was rendered by the court in Bank, upon petition for rehearing, on the 7th of November, 1898:

THE COURT.—The appellant in this cause petitions for a rehearing after judgment in Department. As the appeal was submitted without oral argument, and has been reconsidered by the court in Bank upon the briefs and petition, we have concluded to modify the judgment of the Department without further delay in those slight particulars in which we think it is erroneous.

In addition to those items of the account which were approved by the findings, but omitted from the order settling the account, we are of the opinion that the charge of twenty dollars, designated in the opinion heretofore rendered as item 7, should have been allowed. The evidence does not support finding 36, upon which it was rejected. It appears without contradiction in the evidence that Mr. Lardner, the local attorney at Auburn, was not in favor of appealing from the erroneous order directing the sale of the real estate, and that the administratrix was in favor of appealing. She consulted Mr. Merrill, whose advice coincided with her views, and he took and successfully prosecuted the appeal. Whatever advantage accrued to the estate from the reversal of that order was due to Mr. Merrill's professional services. To enable him to perform these services intelligently and properly, a visit to Placer county, where the estate was in process of administration, and where the papers and records were, was proper and expedient.

The reversal of the order of sale entirely justifies the appeal and every step taken in its prosecution, irrespective of the claim that the estate profited largely by the postponement of the sale.

For the same reasons the charge of $10, designated in the Department opinion as item 11, ought to have been allowed. Finding 45, that it was unreasonable and unnecessary, is not supported by the evidence. The allowance to Mr. Merrill of only fifty dollars for his services in prosecuting that appeal is certainly extremely meager, and far less than the sum we should have been willing to approve, but there is no ground upon which we can hold that the superior court abused its discretion in fixing his allowance in that amount.

The court in Bank, upon rehearing, orders that the order appealed from be reversed and the cause remanded for further proceedings in accordance with the views herein expressed. The appellant will recover her costs of appeal. In other respects the judgment of the Department will stand.