[L. A. No. 6734. In Bank.—August 19, 1921.]

In the Matter of the Estate of IDA B. PARKER, Deceased.

[1] ESTATES OF DECEASED PERSONS—TRAVELING EXPENSES IN PRESERVATION AND CARE OF ESTATE—REIMBURSEMENT OF EXECUTOR.—An administrator or executor is entitled to reimbursement for such traveling and other expenses as were necessarily and properly incurred in the preservation and care of the assets of the estate.

[2] ID.—DISCRETION—APPEAL.—While it is true that the probate court when passing upon the reasonableness and necessity of expenditures of an executor or administrator is invested with a broad discretion which, when exercised for or against the claim of the executor will not be disturbed on appeal, such discretion is abused, in a legal sense, whenever it may be fairly said that in its exercise the court in a given case exceeded the bounds of reason or contravened the uncontradicted evidence.

[3] ID.—SECURING POSSESSION AND PRESERVING ESTATE PROPERTY—ORDINARY SERVICES.—An executor or administrator is not entitled

---

3. Right of executor or administrator to extra allowance for extraordinary services, notes, Ann. Cas. 1913A, 1267; Ann. Cas. 1915A, 149.

to additional compensation for locating assets, collecting claims,
and selling property, since such services amounted to nothing more
than the performance of the ordinary duties of the administration.

APPEAL from an order of the Superior Court of Orange
County disallowing an application for compensation for ex-
traordinary services in a probate proceeding. Z. B. West,
Judge. Reversed.

The facts are stated in the opinion of the court.

Raymond E. Hoyt for Appellant.

John A. Harvey and S. M. Davis for Respondents.

LENNON, J.—Anniss A. Hoyt, executrix of the estate of .
Ida B. Parker, deceased, petitioned the court below for an
allowance from the funds of said estate in the sum of
$159.73, which she claimed was due her in addition to
$318.92, the regular commission allowed by statute for ser-
vices during the administration of the estate. (Code Civ.
Proc., sec. 1618.) One hundred dollars of this sum the ex-
ecutrix requested as compensation for extraordinary services
alleged to have been performed by her for the benefit of said
estate; the balance of $59.73 was claimed as reimbursement
for extraordinary expenditures made for and upon behalf of
said estate by said executrix. Upon a hearing of the peti-
tion, the court below. ordered that the same be disallowed
save and except to the extent of the sum of $25, which sum
was allowed solely for "extraordinary services." The ex-
ecutrix appeals from this order and the appeal is grounded
in the contention that the order is contrary to the uncontra-
dicted evidence adduced upon the hearing of the petition.

This contention must be sustained in part. It is an ad-
mitted fact in the case that the preservation and care of the
property of the estate and the disposal of the personal prop-
erty thereof necessitated trips from the city of Los Angeles,
where the executrix resided, to points in and about the county
of Orange, where the property of the deceased was situated.
It is also an undisputed fact that the sum of $59.73 was
necessarily expended in these trips. It further appears that
when the executrix took charge of the estate it was insolvent
and that, as a result of her promotion and direction of sales
of the personal property, coupled with her efforts in the col-

lection of accounts due the estate, the sum of $3,623.39 was brought into the estate which would otherwise have been lost to the estate. The traveling expenses in question were, therefore, necessary to preserve the property of the estate and resulted in a distinct, direct, and consequential benefit to the estate.

[1] An administrator or executor is entitled to reimbursement for such traveling and other expenses as were necessarily and properly incurred in the preservation and care of the assets of the estate. (*Estate of Byrne*, 122 Cal. 260, [54 Pac. 957, 1015].) [2] It is true that the court below, when passing upon the reasonableness and necessity of such expenditures, is invested with a broad discretion which, when exercised for or against the claim of the executor or administrator, will not be disturbed on appeal. This discretion, however, is abused, in a legal sense, whenever it may be fairly said that in its exercise the court in a given case exceeded the bounds of reason or contravened the uncontradicted evidence. (*Sharon* v. *Sharon*, 75 Cal. 1, [16 Pac. 345]; *Murray* v. *Buell*, 74 Wis. 14, [41 N. W. 1010].) The uncontradicted evidence in the instant case shows beyond cavil that the money expended by the executrix and for which she sought reimbursement was necessarily and properly expended in the preservation of the property of the estate, and that sum should, therefore, be allowed her.

[3] With respect to the claim for compensation for extraordinary services, however, as distinguished from the claim for reimbursement for expenditures, petitioner's contention cannot be upheld. The court below allowed petitioner twenty-five dollars for the alleged extraordinary services performed by her. The services performed by the petitioner consisted in locating assets of the estate, collecting claims due the estate and selling personal property belonging to the estate. The services rendered in the performance of these acts appear to have amounted to nothing more than the performance of the ordinary duties of an executrix in securing possession of and preserving the property of the decedent. For services rendered in the ordinary administration of the estate an executrix is entitled only to the regular commission fixed by statute. Additional compensation is allowable only when there has been an "extraordinary" service. (*Estate of Phelps, ante,* p. 292, 199 Pac. 10.) In the

instant case the commission provided by the Code of Civil Procedure constitutes payment for all ordinary services in connection with the administration of the estate, and the extra allowance of twenty-five dollars made by the court below is full compensation for any services of the petitioner that could, by any possibility, be deemed "extraordinary."

The order appealed from is reversed in so far as it pertains to the petition for reimbursement for extraordinary expenditures, and the case is remanded, with directions to the trial court to proceed in conformity with the above opinion.

Angellotti, C. J., Shaw, J., Lawlor, J., Sloane, J., Shurtleff, J., and Wilbur, J., concurred.