[Civ. No. 9325.   First Appellate District, Division Two.—January 12, 1934.]

In the Matter of the Estate and Guardianship of ALFRED H. PRICE, an Incompetent Person.   GLENN WEST, as Executor, etc., Appellant, v. ESTELLA BROWN, as Guardian, etc., Respondent.

Glenn West, *in pro. per.*, for Appellant.

A. A. Ludwigs for Respondent.

STURTEVANT, J.—This is an appeal from an order settling the account of the guardian of the estate of an incompetent person. The account as rendered shows that the guardian was allowed sums as compensation for her services and as compensation for her attorneys. No claim of error is made as to those items. However, she was allowed certain sums to reimburse her for moneys expended in traveling and for her board and room. It is claimed that the last-mentioned items were improperly allowed. The expenditures so objected to were incurred in the following manner: For some years Alfred H. Price had been engaged as a railway telegrapher by the Southern Pacific Company. As such he had been located at Lodi. He had been married, but had not been living with his wife for many years. By this marriage he had one son whom he had not seen for a long time and whose whereabouts he did not know, but who survived him. He had a sister, Estella Brown, who resided at Winchester in the state of Indiana. In 1929 Mrs. Brown heard that her brother was ill. Soon thereafter she came to California to see her brother, who at that time was a patient in the Southern Pacific Hospital. On that trip, which we will call the first trip, she expended for railroad fare and expenses $364.23. Thereafter she returned to her home in Indiana and remained there until late in 1930 when she heard that her brother's health had become worse. Toward the end of that year she made a second trip to California which occupied 120 days. The cost of her board and room and traveling expenses on that trip amounted to $399.23. While she was out here, on her application, Alfred H. Price was declared incompetent and was committed to the State Hospital at Stockton. He continued an inmate of that institution until his death. Shortly after he was committed Mrs. Brown applied for and was granted letters of guardianship of his estate. While here she attended to the transaction of her duties as guardian of his estate. Thereafter she again returned to her home in Indiana and remained there until her brother died. On being informed of his death she

sent for his body and had it shipped to Winchester, Indiana, where it was buried. In the meantime she had become possessed of a document dated September 8, 1927, which purported to be the last will and testament of her brother. After consulting an attorney in Winchester she came to California for the purpose of probating the will. On arriving here she learned that a later will had been made, April 5, 1929, and she took no steps to have the will dated September 8, 1927, probated. The will dated April 5, 1929, was offered for probate. She filed a contest, which was overruled, and the will later in date was admitted to probate. Pursuant to the terms of that will Mr. Glenn West was appointed executor thereof. On this third trip her expenses for board, room and railroad fare amounted to the total of $328.68. While in California she presented and filed her final account in the guardianship proceedings. In the account she set forth the expenses of each of said trips and asked to be reimbursed therefor. The executor of the last will of Alfred H. Price appeared and objected to the allowance of any of the expenses of any of said trips hereinabove mentioned. His objections were overruled and each of the foregoing sums was allowed.

The executor asserts that the power of the trial court was limited to reimbursing the guardian in the amount of her reasonable expenses incurred in the execution of her trust. (Probate Code, sec. 1556.) Thereupon he continues and claims none of the expenditures so objected to were incurred in the execution of her trust, but were her personal expenses. The respondent replies that Mrs. Brown did not make any one of the trips because she had a personal desire to do so, nor because she wanted to take a vacation, but solely because she desired to render services which were beneficial to her brother and to his property. The appellant answers that the reply is insufficient. He calls to our attention that there is no evidence that Mr. Price either directly or indirectly asked Mrs. Brown to make the first trip; that when Mrs. Brown made the second trip Mr. Price was incompetent and was unable to make any legal request; and that when Mrs. Brown made the third trip her brother was deceased. Thereupon, the appellant asserts, that in all she did Mrs. Brown acted as a volunteer. We think the contention must be sustained. The first trip was made be-

fore the respondent was appointed guardian. However commendable may have been the action of a sister in crossing the continent to visit her sick brother, in no sense could the expenses of the trip be said to be in the execution of a trust which at that time had not been created. Assuming that Mrs. Brown made the second trip solely for the purpose of commencing the guardianship proceedings, such act on her part was for the purpose of applying to have the trust *created* and herself *appointed* as trustee, but not in the *execution* of the trust. It has been expressly held that an administratrix may not be reimbursed for such expenses. (*Estate of Byrne,* 122 Cal. 260 [54 Pac. 957, 1015].) No authority is cited showing that a guardian has any other or better claim. ■ When the respondent made the third trip it may be assumed she did so for the express purpose of applying for letters testamentary. Under such circumstances the rule in the *Estate of Byrne, supra,* is controlling. If, on the other hand, it be assumed that her trip was made solely for the purpose of presenting her final account as guardian, her claim has no better standing. It is the settled law of this state that accounts may be rendered and settled without the personal presence of the representative. Moreover, no allowance should be made to such persons where there is no showing of any necessity for the making of the trip and where the business can be transacted by correspondence. (*Estate of Emerson,* 175 Cal. 724 [167 Pac. 149].)

■ The respondent cites section 1502 of the Probate Code and several decisions based thereon. They are not helpful because an examination of the facts discloses that no question was presented regarding expenses incurred "for the suitable support, maintenance, and education" of the incompetent person.

The order appealed from is reversed and the trial court is directed to reframe its order in terms not inconsistent with what has been said above.

Nourse, P. J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 10, 1934.