ON THE MERITS *Page 122 
 OPINION
On the 14th day of October 1942 George A. Montrose, administrator of the estate of Harry F. Powell, sometimes known as H.F. Powell, deceased, filed a petition *Page 123 
in the district court of Lyon County, Nevada, praying for an order of sale of real and personal property. The said petition, insofar as it is material here, is as follows:
"That the assets in said estate consists of real and personal property in Lyon County, Nevada, as hereinafter described. That the principal asset is what is known as the New Jerusalem ranch near Dayton, Nevada, which ranch is irrigated by water from the Carson River by a long ditch and diverting dam, owned by the Estate. That the said diverting dam will have to be rebuilt immediately and the said ditch line, which is approximately ____ miles in length, will have to be cleaned and much work done upon it before any water can be secured for the 1943 irrigation season upon the ranch. That it will require a large expenditure of money to accomplish this work and the estate cannot afford the expenditures and petitioner avers that it is for the benefit, advantage and best interests of the estate to sell and dispose of the said real estate as hereinafter prayed for. That there are outstanding unliquidated claims against the estate which cannot be definitely ascertained or estimated as petitioner has rejected the same and the time for filing suit has not expired. That the charges for administration already accrued and hereafter to accrue have not been paid in full and that it will be necessary to reduce the assets of the estate to cash in order to meet the outstanding obligations and also pay the accrued and hereafter accruing costs and expenses of the said administration. That petitioner has advised with his attorneys and after a careful consideration of all the facts respectfully represents that it is for the advantage, benefit and best interests of the estate and those interested therein that the estate be reduced to cash as hereinafter requested and not incur the large expenditure for reconstruction of the said dam and ditch as herein referred to.
"That there are two parcels of real estate in said estate, one known as the `New Jerusalem' ranch near *Page 124 
Dayton, together with the water rights and Taylor grazing rights and petitioner proposes to sell as a part of said ranch or tract seventy (70) tons of hay bailed and now upon the ranch. The second tract is known as the `Hot Springs' property, located in Smith Valley, Lyon County, Nevada, together with any personal property belonging to the estate located thereon. That in each instance taxes are to be pro rated as of the date of the delivery of the deed and the estate to convey its title.
"That the heirs at law of the estate is Florena J. Powell, deceased, and that she is the only person interested in the estate.
"That the said estate is solvent and that the amount realized from said sale will be more than sufficient to pay and discharge any known claims against the said estate."
Notice to show cause was issued, as required by law, and on the 10th day of November 1942 objections to the order of sale were filed by Janie McAllister, as administratrix with the will annexed of the estate of Florena J. Powell, deceased. There also appears in the record a paper termed "Supplemental objections to the sale of real and personal property," filed by the said Janie McAllister as said administratrix. The objections filed challenge the sufficiency of the petition, as well as raising the question of the necessity of the sale of the real and personal property belonging to the estate.
A hearing was had, at the conclusion of which the objections were overruled and an order entered directing the administrator to sell the real and personal property, as prayed. The matter is here on appeal from said order.
The appeal is before us on the judgment roll alone; the testimony taken at the hearing is not here.
We first direct our attention to an analysis of the petition and a comparison of the recitals therein with the statutory requirements.
Section 9729 N.C.L. provides the manner in which *Page 125 
an order of sale may be obtained. Said section requires the presentation of a verified petition to the court or judge, which said petition shall set forth:
1. The amount of personal estate that has come into the hands of the administrator and how much thereof, if any, remains undisposed of.
2. The debts outstanding against the decedent, so far as can be ascertained or estimated.
3. The amount due upon the family allowance or that will be due after the same has been in force for one year.
4. The sum, if any, due for the last sickness and funeral of decedent.
5. The debts, expenses and charges of administration already accrued.
6. An estimate of what will or may accrue during the administration.
7. A general description of the real property of which the decedent died seized or in which he had any interest or in which the estate had acquired any interest.
8. The condition and value thereof.
9. Whether the same be community or separate property.
10. The names of the legatees and devisees, if any.
11. The heirs of the deceased so far as known to the petitioner.
12. In what way an advantage or benefit would accrue to the estate and those interested therein by such sale.
The petition under consideration here complies with certain provisions of the statute and omits others, as follows:
It is verified. No statement as to personal property. No statement as to debts outstanding; there being, however, a statement that the amount of the debts could not be ascertained until the time for bringing action thereon had expired, the administrator having disallowed them. It may be assumed from a reading of the petition that there is no family allowance and no sum due for the last sickness and funeral of decedent; *Page 126 
this assumption may be reasonably drawn from the fact that the estate has been in process of administration for some six years. No statement of debts, expenses or charges of administration already accrued. No estimate of what will or may accrue during administration. There is a general description of the real estate which was held by the estate at the time of filing the petition, but nothing in the petition which would indicate that it is all the land of which the decedent died seized. No statement as to its condition and value or as to whether it is community or separate property. There is a statement as to the advantage or benefit which would accrue to the estate of those interested therein by such sale; however, it appears that such advantage could apply only to a sale of the New Jerusalem ranch, and would have no application to the Hot Springs property.
Hence, this question is posed: Do the omissions in the petition, viz, omission of a statement of the amount of personal estate that has come into the hands of the administrator and how much thereof, if any, remains undisposed of; second, omission of a statement of the debts outstanding against the decedent as far as can be ascertained or estimated; third, omission of a statement of the amount of debts, expenses and charges of administration already accrued or an estimate of what debts, expenses and charges of administration will or may accrue during the administration; fourth, omission of a general description of the real property of which the decedent died seized or in which he had any interest or in which the estate has acquired an interest and the condition and value thereof and whether the same is community or separate property, render the said petition fatally defective?
1. Several states have statutes identical with that of Nevada relative to the required recitals in a petition for an order to sell real estate. Such a statute was in force and effect in the State of California for several years, and during such time a number of decisions construing the sufficiency of petitions were rendered. The *Page 127 
decisions make a distinction between direct appeals from an order and collateral attacks. From the decision in the Estate of Smith,51 Cal. 563, rendered in the year 1875, to and including the decision in In re Rawitzer's Estate, 175 Cal. 585, 166 P. 581, rendered on June 28, 1917, we find several cases dealing with direct appeals from orders of sale. In these decisions we find a gradual lessening of the severity with which each requirement of the statute was insisted upon. In the Estate of Smith, supra, the petition was held insufficient because it did not describe the condition of the land to be sold. Estate of Boland, 55 Cal. 310, follows the Smith case in requiring the description of the property sought to be sold. In re Byrne's Estate, 112 Cal. 176,44 P. 467, holds the sufficiency of the petition is the basis of the order of sale and if, upon a direct appeal from the order, the petition is lacking in any of these statutory requirements it is fatal to the validity of the order. Next we have the case of In re Heydenfeldt's Estate, 127 Cal. 456, 59 P. 839, at 840; this was a direct appeal. It is stated in the decision that a substantial compliance with the statute is sufficient, and in support of that statement cites four cases. An examination of the cases cited discloses them to be collateral attacks. In In re Cook's Estate, 137 Cal. 184, 69 P. 968, it was decided that in an appeal from the order of sale any substantial departure from the statutory requirements compels a reversal. The distinction being that upon collateral attack the proceedings will be sustained and the purchaser's title held good unless it appears that the court did not acquire jurisdiction to order the sale, while upon direct attack by appeal from the order a departure from the statutory requirements may be reversible error, though the court had jurisdiction. There the petition was held defective because it did not state the value of the property. In In re Levy's Estate,141 Cal. 639, 75 P. 317, it was claimed that there was no sufficient statement of the condition and value of the real estate of deceased and *Page 128 
no statement of the names of the heirs or family allowance. The court held that a substantial compliance with the provisions of the statute was sufficient for the validity of the order, upon direct appeal; and, also, the statement is made that if objection has been made, stricter compliance would be required, but in the absence of objection a substantial compliance was sufficient. In the case of In re Rawitzer's Estate, 175 Cal. 585, 166 P. 581,585, the petition alleges the indebtedness for taxes and expenses of administration; thereafter the trust company offered to deposit in court a sufficient amount to pay the expenses. It was held that this rendered the sale unnecessary. The court said: "The administrator who asks power to sell real property, and thereby take it permanently from the control and management of the heirs, or devisees, must show good cause therefor. His mere desire is not enough."
The case of In re Walker's Estate, 111 Mont. 66, 106 P.2d 341, deals with a petition which asked the court to sell, on the ground that it be for the best interests of the estate and those interested therein, and the allegations were held insufficient.
As we have stated, the decisions draw a distinction between direct appeals and collateral attacks, but even in the latter it is held that there must be a substantial compliance with the requirements of the statute. In the following cases collateral attacks were made upon the order of sale, and we cite them to demonstrate that in each a closer compliance with the statute was had than in the case at bar: Kertechen v. George, 78 Cal. 597,21 P. 372; Richardson et al. v. Butler et al., 82 Cal. 174, 23 P. 9, 16 Am. St. Rep. 101; Burris v. Kennedy, 108 Cal. 331, 41 P. 458; In re Devincenzi's Estate, 119 Cal. 498, 51 P. 845; Blackman et al. v. Mulhall et al., 19 S.D. 534, 104 N.W. 250, at 252; In re Davis' Estate, 151 Cal. 318, 86 P. 183, at 185, 121 Am. St. Rep. 105; Kretsinger v. Brown et al., 8 Cir., 165 F. 612; Plains Land Development Co. et al. v. Lynch et al., 38 Mont. 271, *Page 129 99 P. 847, at 849, 129 Am. St. Rep. 645; Dane et al. v. Layne et al., 10 Cal.App. 366, 101 P. 1067; Kavanagh v. Hamilton, 53 Colo. 157, 125 P. 512, at 518, Ann. Cas. 1914B, 76; Pinnacle Gold Mining Co. v. Popst et al., 54 Colo. 451,131 P. 413.
In the case of Plains Land Development Co. v. Lynch et al., supra, a Montana case, there is a very interesting analysis of the California decisions, and also a discussion of the inconsistency with which the rule relative to compliance with the requirements of the statute, as announced in Re Estate of Smith, supra, has been applied.
2-4. A number of statements appear in the cases cited supra that requirements for compliance with the statute are much stricter in direct appeals than where collateral attacks are concerned. In examining the cases cited we failed to find any instance where the absence of a statement of the amount of personal property that came into the hands of the administrator, how much, if any, remains undisposed of; a failure to set out the debts outstanding against decedent so far as can be ascertained or estimated; the failure to set out the debts, expenses and charges of administration already accrued and an estimate of what will or may accrue during the administration; and a general description of the real property of which the decedent died seized and the condition and value thereof, has been held to substantially comply with the requirements of the statute. The omission of the statement as to the condition and value of the real property, in itself, has been held not to defeat a substantial compliance, but the other matters omitted are essential. The petition, responsive to the requirement of the statute that it shall state in what way a sale would be for the best interests of the estate and those interested therein, recites that it would require a large sum of money to repair the dam and ditches used in the irrigation of the New Jerusalem ranch. This reason, of course, can *Page 130 
at the most only apply to the said New Jerusalem ranch, and not to the Hot Springs property. So as to the Hot Springs property there is no reason given why it would be to the advantage of the estate to sell it. As to the New Jerusalem ranch, the petition refers to the necessity of repairing the dam and ditches so that irrigation in the 1943 season can be had. Insofar as that question is concerned it has now become moot. We may take judicial notice that the 1943 irrigation season is about over, and repair of the dam and ditches must have already taken place if the lands were irrigated this year. We will also take judicial notice of the fact that there are other irrigation seasons to come and if the dam and ditches have not been repaired the requirements in that respect would be just as pressing in the future. That situation can be met when it arises; and in the meantime the validity of the unliquidated claims may be determined. We cannot ascertain from the petition whether claims other than the unliquidated claims mentioned therein have been presented to the administrator for allowance, and as to the unliquidated claims, the petition for sale insofar as it is based thereon is premature.
5. The petition, because of the omissions pointed out, is insufficient when tested on direct appeal; and this is so even though the lower court had jurisdiction, a question we do not decide. Such being the case, we must then consider whether the defects were corrected in the order of sale, as provided in the so-called curative portion of said section 9729 N.C.L. We may say here, as was said in In re Walker's Estate, supra [111 Mont. 66,106 P.2d 342]: "The transcript on appeal does not disclose what facts were presented at the hearing; nor does the order contain a general statement of facts showing such necessity sufficient to cure the defect in the petition, if it is defective. The only recitation in the order is that from the proof it appears `to the satisfaction of the court that it is to the best interest of the estate and those interested therein that the real estate *Page 131 
be sold.' We then must look to the allegations in the petition to determine the facts upon which the order was based, for under section 10211, in order for the proofs to supply deficiencies in the petition as to the necessity for a sale, the order must recite the facts showing such necessity."
6, 7. The statements considered in In re Walker's Estate are very similar to the statements contained in the order in this case. It is true, as argued by respondent, that no attack was made upon the order, and in a case where the petition was sufficient an order such as we have here would be sufficient; but if the order be relied upon to cure defects in the petition, then such order is required to carry a greater load, and must recite the general facts, those required in this case being: The amount of personal estate, estimate of expenses to be paid and those already paid, and general facts relative to other deficiencies hereinbefore pointed out. The order in this case does not cure the defects in the petition.
8. This being an appeal on the judgment roll alone, we do not have a transcript of the evidence introduced in the trial court before us. However, unlike some proceedings, we cannot sustain the validity of the order by presuming the evidence to have been sufficient to justify its entry. The introduction of testimony to cure defects in a petition is not enough; it must be followed by a statement of general facts in the decree. The statute provides: "If any of the matters herein enumerated cannot be ascertained, it must be so stated in the petition; but a failure to set forth facts hereinbefore enumerated will not invalidate the subsequent proceedings, if the defects be supplied by the proofs at the hearing and the general facts showing that such sale is necessary, or that such sale is for the advantage, benefit, and best interests of the estate, and those interested therein, be stated in the decree." (Italics supplied.)
The order appealed from is reversed. *Page 132