[Civ. No. 15995. Second Dist., Div. Two. Nov. 6, 1947.]

Estate of GEORGE E. TUBBS, Deceased. IRENE WAAGE, Appellant, v. WILLIAM IRA TUBBS, as Administrator, etc., Respondent.

Thompson & Thompson, Raymond G. Thompson and Wendell R. Thompson for Appellant.

Claude A. Watson and Montgomery G. Rice for Respondent.

WILSON, J.—This appeal is by Irene Waage, one of the heirs of decedent, from that portion of the order and decree of settlement of account and final distribution insofar as the order allows and provides for payment of $500 to the administrator as special and extraordinary fees and $900 to his attorneys (they asked for $1,500) and for $39.65 costs incurred in another proceeding to which reference will be made. The extraordinary fees petitioned for amount to more than

one half of the value of the distributable estate remaining after deducting the costs of administration.

Before the petition for letters of administration was filed by William Ira Tubbs he received a letter from an attorney who then represented Mrs. Waage referring to a trust deed that had been executed by her to decedent during his lifetime, stating that decedent had not signed a request for reconveyance and asking Tubbs to sign an assignment to Mrs. Waage of all his interest in the deed of trust. Tubbs conferred with his attorneys who now represent him as administrator. After one or two conferences with the attorney who had written the letter, Tubbs' attorneys advised the taking of the deposition of Mabel Inkersell, sister of Mrs. Waage, for the purpose of determining who held possession of the deed of trust. The deposition was taken pursuant to the provisions of the Code of Civil Procedure (§§ 2083-2089) relating to the perpetuating of testimony in cases where the *applicant* expects to be a party to an action. Tubbs, the applicant, and his attorneys knew that he as an individual did not expect to be a party to litigation. The attorneys advised proceeding under said sections of the code for the purpose of attempting to ascertain the whereabouts of the deed of trust and of determining whether it could be claimed as an asset of the estate of decedent.

Although neither the petition filed by Tubbs for the taking of Mrs. Inkersell's deposition nor the deposition itself is in the record on appeal, references to the contents of both appear in respondent's brief. █ Matters not in the record cannot be considered on appeal. (*Nason* v. *Feldhusen*, 34 Cal.App. 789, 793 [168 P. 1162] ; *Gallatin* v. *Corning Irr. Co.*, 163 Cal. 405, 422 [126 P. 864, Ann. Cas. 1914A 74] ; *Rogers* v. *Tennant*, 45 Cal. 184, 186 ; *Satterlee* v. *Bliss*, 36 Cal. 489, 521.) █ However, it appears from the oral evidence that the application was filed by Tubbs, reciting that he expected to be a party to an action in court individually and not as administrator of the estate, and he did not refer to any contemplated probate proceeding or to the possibility that any such proceeding would be filed. Even though he had so alleged, since the special proceeding for the taking of the deposition was (1) instituted and carried on by Tubbs personally and (2) prior to the commencement of the probate proceedings, the cost of taking it cannot be charged against the estate, and neither Tubbs nor his attorneys are entitled to any extraordinary fees in that behalf.

Furthermore, it appears that the deposition was unnecessary in any event. The letter from Mrs. Waage's attorney indicated, although it did not state clearly, that she was in possession of the note, and one of the attorneys for the administrator testified that in a conference with Mrs. Waage's counsel the latter said that the note and trust deed had been presented to her and that she owned them. This was sufficient information upon which an administrator could base a demand for possession. The deposition developed nothing in addition.

The interview which Tubbs had with his attorneys and the taking of Mrs. Inkersell's deposition for the purpose of perpetuating her testimony occurred prior to the filing of the petition for letters of administration and were not a part of the proceedings in the administration of the estate. ■ An administrator is not entitled to recover from the estate any expenses incurred when taking steps to apply for letters of administration (*Estate of Byrne,* 122 Cal. 260, 261 [54 P. 957, 1015] ; *Estate of Price,* 136 Cal.App. 257, 259 [28 P.2d 717]) and neither the administrator nor his attorneys are entitled to allowances for extraordinary services performed prior to the initiation of the probate proceedings. (Prob. Code, §§ 902, 910.)

■ An item included in the services for which the extraordinary fees are asked relates to the foreclosure of the deed of trust. One of counsel for the administrator testified that he prepared a notice of default, made two or three visits to the office of the Title Insurance & Trust Company, although it appears that the Bank of America was the trustee, and prepared data required for the foreclosure. There is no evidence of any service rendered to the trustee that would entitle either the administrator or his attorneys to special compensation. It is common knowledge that banks and trust companies are experienced in the matter of conducting foreclosure sales under trust deeds and from the evidence of the attorney who testified, it does not appear that he gave any assistance to the trustee.

It is claimed that the administrator or the attorneys, or both, performed services in searching the records in the county recorder's office for the purpose of finding the record of the deed of trust. Such search was entirely unnecessary since there was enclosed with the letter from Mrs. Waage's attorney to Tubbs a form of assignment and release which Tubbs was requested to sign reciting the date, volume and page of the record.

■ Special fees are demanded for services rendered in ascertaining whether the deed of trust was barred by the statute of limitations. It required only a casual examination of the digest to determine that it was valid, subsisting and enforceable until paid. (*Welch* v. *Security-First Natl. Bank,* 61 Cal.App.2d 632, 635 [143 P.2d 770] ; *Hamaker* v. *Williams,* 22 Cal.App.2d 256, 257 [70 P.2d 973] ; *Bank of Italy* v. *Bentley,* 217 Cal. 644, 655 [20 P.2d 940] ; *Flack* v. *Boland,* 11 Cal.2d 103, 106 [77 P.2d 1090] ; *Sacramento Bank* v. *Murphy,* 158 Cal. 390, 396 [115 P. 232] ; *Travelli* v. *Bowman,* 150 Cal. 587, 590 [89 P. 347] ; *Grant* v. *Burr,* 54 Cal. 298, 301.)

■ Services performed in locating assets of the estate are included in the ordinary services of an executor and extra compensation is not allowable. (*Estate of Parker,* 186 Cal. 668, 670 [200 P. 619].)

■ The administrator and his counsel assert a claim for services performed in the matter of obtaining a clearance from the inheritance tax appraiser and investigation of facts relating to inheritance taxes. It is not claimed that the appointment of a tax counsel, auditor or expert was required in the preparation of inheritance tax returns, or that there was any extensive or complicated work in connection with taxes. (See Prob. Code, § 902.) The services rendered in relation to inheritance taxes were minor in character and are compensated in the statutory fees. Such claims must therefore be disallowed.

Since it does not appear that either the administrator or his attorneys performed any services whatsoever in addition to the ordinary services required in the administration of an estate, the allowance of extraordinary compensation to them is unauthorized and the court abused its discretion in awarding fees in excess of the statutory amounts.

That portion of the order appealed from is reversed.

Moore, P. J., and McComb, J., concurred.