No. 2,312.

JAMES YATES, APPELLANT, *v.* E. J. SMITH, RESPONDENT

MEXICAN GRANT.—CONFLICTING SURVEY.—DECISION IN YATES *v.* SMITH *et. al.,* (38 CAL. 60).—AFFIRMED.

IDEM.—PATENT.—A patent for lands under a confirmed Mexican grant and final survey, which shows upon its face that it includes lands embraced in a previously approved final survey, of another confirmed Mexican grant, is not void, as to that portion of the lands included in both surveys.

IDEM.—A note, by the Commissioner of the General Land Office, contained in a patent for lands, under a confirmed Mexican grant, to the effect that the lands, granted in the patent, included lands embraced in the final survey of a previously confirmed Mexican grant, does not operate to except the lands so included, from the lands granted in the patent.

IDEM.—EJECTMENT.—EVIDENCE OF PRIOR GRANTS EXCEEDING ELEVEN LEAGUES. In an action of ejectment, where both parties claim under confirmed Mexican grants, evidence that the original grantor, of one of the parties, had obtained grants from the Mexican government, exceeding eleven leagues in extent, prior to the grant under which the party claims, is inadmissible.

PRACTICE ON APPEAL.—APPEAL FROM JUDGMENT.—A judgment rendered by the Court, in accordance with the decision or findings, cannot be reversed on an appeal from the judgment.

IDEM.—NEW TRIAL.—The question whether the evidence is sufficient to sustain the verdict, or finding, or decision, can be presented only on a motion for a new trial.

PRACTICE.—EVIDENCE.—DEED.—A deed under which a party claims title, is admissible in evidence, unless it is void on its face, or it appears therefrom, that it does not relate to the lands in controversy.

IDEM.—EFFECT OF DEED.—The relative value or effect of deeds introduced in evidence by the respective parties to the action, can only be determined by the Court or jury to whom they are submitted for consideration.

PRACTICE ON APPEAL.—FORMER DECISION.—The law of a case as settled by the Court on a former appeal, will not be re-opened, or disregarded in a subsequent appeal of the same case.

APPEAL from the District Court of the Tenth District, County of Colusa.

This is an action of ejectment for a lot of land in the town of Colusa. The plaintiff claimed title under the "Colus" grant, and the defendant under the "Jimeno" grant.

The case was first tried in the District Court of Colusa County, at the May Term, 1868, and judgment was rendered in favor of the plaintiff. Defendant took an appeal to this Court, and at July Term, 1869, that judgment was reversed and a new trial ordered.

At the December Term of the District Court, for 1869, a new trial was had, and judgment rendered in favor of defendant. No motion was made for new trial, but plaintiff appealed from the judgment.

The facts are stated in the cases referred to on the former appeal in this case (38 Cal. 60), and in the dissenting opinion of Mr. Justice CROCKETT therein, with the exception of the additional facts introduced on the new trial from which this appeal is taken. These last are sufficiently stated in the opinions filed in this case.

*Jo Hamilton & L. J. Ashford,* for Appellant.

*First*—Neither the Jimeno survey, nor patents, purports to convey title to any land within the Colus survey—the plats or maps of said patent, being the ruling descriptive part thereof.

The Colus official survey, by the Act of June 14th, 1860, is equivalent to a clear patent, without reservations or limitations. Appellant then holds the fee simple deed of the government, dated February 2d, 1861.

The respondent could only receive, and did receive two months afterwards, a limited decree of approval of the Jimeno survey, and of consequence a limited conveyance from the government, the executive necessarily conforming to the judicial patent. But we hold that the decree, and approved plat, were improperly admitted in evidence, being merged in the executive patent. The party cannot have two sources of title; after accepting the patent he was bound by it.

There was notice given, on the faces of the patent itself, that a part of the land contained in the exterior limits, had previously been finally confirmed to C. D. Semple.

Not only does the Act of 1851 reserve the rights of *all* third persons, which reservation is found near the end of the patent, but in this case there is an additional special reservation in favor of a particular person by name, and the boundaries of the land reserved are conspicuously set forth on the diagram of the whole grant.

It may be said that this second plat of the Colus grant and a part of the Jimeno patent is without authority of law, and that "J. W. Edmonds, Commissioner of the General Land Office," had no power to insert the "note" and explanatory diagram. To this we answer that the president issued the patent and all that precedes his signature is *his* act, and moreover the United States District Court confirmed the plat of survey with the Colus survey, plainly laid down upon it by name in large letters. So that in fact the president had no discretion and his officer (Edmonds), only elaborated and made more clear what the District Judge had done who located both grants, an essential part of his judgment in the Jimeno case being to see that his previous judgment in the Colus case was not disturbed or annulled. The patent to that portion covered by superior claims is to that extent inoperative, and, therefore, at least voidable in any proceeding

either direct or collateral; in the case at bar it is void, because upon its face it makes the reservation of the paramount claim by name, and as remarked by Chief Justice FIELD, in *Doll* v. *Meador*, (16 Cal. 325); "it is itself record evidence of the matter which renders it a nullity." (*General Lafayette's heir* v. *Kenton*, 18 Howard, 197; 13 Howard, 18; 6 McLean, 562; 1 Black. 150; *Nelson* v. *Moor*, 3 McLean, 319-323.)

It is not necessary that we invoke the authority of *Smith* v. *Athearn*, (34 Cal. 506); we hold that there were not two patents issued for the same land; that the Jimeno patent does not pretend to pass any title to the land *covered* by the Colus survey.

*Second*—The Jimeno patent is void, because it is founded upon a grant issued without authority of law, the officer granting having exhausted his power under the Colonization Laws of Mexico, by previously granting to Jimeno two other grants aggregating twelve leagues of lands.

*W. C. Belcher* and *W. F. Good*, for Respondent.

The decision of this Court on the former appeal settled the law of the case. (*Yates* v. *Smith*, 38 Cal. 60; and *Treadway* v. *Semple*; and *Semple* v. *Wright* therein cited.) The rule is settled by a long series of decisions in this Court, as in almost every other Court of final resort, that when a case has once been taken to an Appellate Court and its judgment has been declared on the points involved such judgment, right or wrong, is the law of the case for all subsequent proceedings had therein, and that when its *remittitur* has been issued and filed in the Court, from whose judgment the appeal was taken, the Appellate Court has no longer jurisdiction to re-hear, modify, or amend its judgment. As was said by Chief Justice FIELD, in *Phelan* v. *San Francisco*, (20 Cal. 39–45); in the case in which it is made, it is more than authority, it is a final adjudication from the consequence of which the Court cannot depart nor the parties relieve themselves. (*Pollack* v. *McGrath*, 38 Cal. 666.)

At the first trial, the facts were agreed to and were in all essential respects the same as in the case of *Treadway* v. *Semple*, (28 Cal, 652); and in *Semple* v. *Wright*, (32 Cal. 659.)

At the last trial, the agreed statement of facts was withdrawn by the plaintiff and the case was submitted for judgment on the evidence offered by the respective parties, and such admissions as were made during the progress and for the purpose of the trial. No findings were requested by the parties or made by the Court. Upon the pleadings and the evidence before it, the Court rendered its judgment. Though all the evidence may be set out in the transcript, this Court will not, on an appeal from the judgment, consider its weight or effect, or undertake to determine what facts were deducible therefrom, but will presume that everything necessary to sustain the judgment was found by the Court, and that the findings were fully supported by the evidence.

The case of *Semple* v. *Hagar* (27 Cal. 163), was a direct attack on Jimeno patent, and was commenced to " set aside the patent for the Jimeno grant, or to avoid so much of it as covered lands within the Colus grant," on the ground that the Mexican Government had granted to Jimeno, previous to the grant of the Jimeno Rancho, two ranchos containing twelve leagues. This Court held that the question whether or not Jimeno was competent to take the Jimeno grant had been judicially determined by the proper Court of the United States, in the proceedings for the confirmation and patent of the Jimeno grant, and that this Court has no authority or jurisdiction to review the decisions of the Federal Courts. (See also *Hogan* v. *Lucas*, 29 Cal. 309. )

RHODES, C. J., delivered the opinion of the Court, WALLACE, J., and SPRAGUE, J., concurring: CROCKETT, J., concurring specially:

This case comes before us, on appeal from the judgment; and the only questions in the case, are those which arise

upon the statement on appeal.   The first ground specified
in the statement, is that "the Court erred in admitting in
evidence the patent of the Jimeno grant as the foundation
of title to any land included within the Colus official sur-
vey;" and the second ground is, that "the Court erred in
admitting the Jimeno patent, the same being void and of no
effect." The two grounds may be considered together.  The
objections taken at the time the patent was offered in evi-
dence, were that the patent shows on its face, that the Colus
survey is excepted and reserved therefrom; and that it is
void because Jimeno, the grantee, had received from the
Government of Mexico, grants amounting to twelve square
leagues of land, prior to the making of the grant, on which
the patent is based.   The patent is not void on its face; nor
is it void because of the alleged prior grants to Jimeno.
The patent did not show such prior grants, nor had any evi-
dence then been admitted or offered going to prove such
prior grants.   Had the evidence of such grants, subse-
quently offered by the plaintiffs, been admitted at the time
the patent was offered in evidence, it would not have ren-
dered the patent void.   It was so held in *Kimball* v. *Sem-
ple* (25 Cal. 440), in which this point was considered, in
respect to this patent.

  The Colus survey does not appear to be excepted from
the patent for the Jimeno grant.   The lands delineated in
the Jimeno survey—and they are the lands which purport
to be granted by the patent—include the lands in suit; on
the survey the lines of the Colus rancho are delineated, and
they include the lands in suit; and on the page of the pat-
ent next after the survey there appears a diagram of the
Colus rancho, with a note made by the Commissioner of the
General Land Office, stating that " the foregoing survey of
the 'Jimeno' rancho embraces a portion of the survey made
for the 'Colus' rancho, confirmed to C. D. Semple, as
shown by dotted lines on the plat of the foregoing;" but it
is not recited that the Colus rancho is excepted from the
lands granted by the patent.   The patent was not void on
either of the grounds urged against it, and as it comprised

the land in controversy, and as the defendants claimed title under it, it was admissible in evidence,

The third ground is, that "the Court erred in admitting in evidence the decree and accompanying plat of the Jimeno survey, the same being merged in the patent." The objections presented by the plaintiff, when the decree and plat of survey were offered in evidence, were that they were irrelevant, and that they were merged in the patent of the Jimeno rancho, already in evidence. Both the decree and the plat formed parts of the patent, and therefore their admission in evidence as separate documents was not productive of any injury to the plaintiff. The plaintiff introduced the survey of the Colus rancho, and the decree confirming the survey, and as the lands in controversy are embraced in each survey, the admission of the survey of the Jimeno rancho, together with the decree of confirmation of such survey, became proper for the purpose of ascertaining which party acquired the better right to the land under his survey and decree of confirmation.

The fourth ground is, that "the Court erred in rejecting the papers offered by plaintiff to show that Jimeno had acquired twelve leagues of land in California prior to the grant of eleven leagues, called the 'Jimeno Grant.'" Upon the authority of *Kimball* v. *Semple* (25 Cal. 454), and *Semple* v. *Hague* (27 Cal. 165), in which this precise question was considered, we hold that the point is not well taken.

The fifth ground is, that "the Court erred in giving judgment in favor of defendants—the plaintiff holding the older and superior title." This ground is useless and worthless for any purpose whatsoever. If the Court found that the plaintiff's title was the older and superior title, the point that the Court erred in rendering judgment for the defendants may be taken upon the judgment roll without a statement or bill of exceptions. But if the Court did not so find, but found that issue for the defendants, then the Court did not err in giving judgment for the defendants. If the plaintiff intended by that specification to say that the Court erred in finding or deciding for

the defendants, because the evidence shows that plaintiff held the older and superior title—or, in other words, that the finding or decision was contrary to the evidence, because the evidence showed that the plaintiff held the older and superior title—it has no proper place in a statement on appeal. A statement on appeal and a bill of exceptions are substantially the same—they differing only in respect to the time and manner of settlement, and in some particulars in form—and their purpose is the same, and that is, to present for review questions of law. The question whether the evidence is sufficient to sustain the verdict, finding or decision, can be presented only on motion for a new trial. It cannot be presented by means of a statement on appeal.

It is proper here to advert again to the first three grounds of the statement on appeal. Counsel for plaintiff have discussed under one of these grounds—perhaps the fifth, but they do not designate which—the effect of the evidence admitted in the cause for the purpose of showing that the plaintiff held the title to the premises. This practice is inadmissible. It has already been stated that the question does not arise upon the fifth ground; and it is perfectly clear that it does not arise upon either of the first three grounds. The question of the admissibility of evidence is quite different from the question of its value, weight or effect. In a contest for the possession of lands, a party who offers a deed, asserting that he claims under it—if the deed be not void on its face, or if it do not appear therefrom that it does not relate to the land in controversy—is entitled to have it admitted in evidence. Perhaps other grounds for its exclusion, than those stated, may be found, but it is beyond all question, that it should not be excluded, because the adverse party has adduced in evidence a deed, which, as he claims, shows a better title in himself. This would appear obvious; for the relative value and effect of the deeds could not be determined until they had been submitted to the Court or jury for consideration. The question whether the survey, confirmation of the survey, or the patent of the Jimeno rancho was admissible in evidence, does not involve the

question as to the,value or effect of either of those documents, when compared with the survey and confirmation of the survey of the Colus rancho. The latter question did not arise in the Court below on the objection to the admission of those documents, and cannot be considered here, in reviewing the action in that respect of that Court. Were it permissible to disregard the recognized rules of practice, and, under the objections to the admission of evidence, to determine the effect of such evidence—to determine whether the evidence sustains the decision—then a motion for a new trial, in order to have the question of fact reviewed, would be useless, and the unbroken current of decisions in this State, on that point, is wrong.

The evident purpose of the plaintiff, on this appeal, is to defeat the Jimeno patent, by showing the prior grants to Jimeno, exceeding eleven leagues of land, and to overcome the effect of the decree confirming the survey of the Jimeno rancho, as declared on the former appeal. The first point has already been sufficiently noticed. Had the record been so prepared as to present the second point, the Court would not be at liberty to re-open the discussion, and again pass on the point. The decision of that question on the former appeal—reported in 38 Cal. 60—became the law of the case, and this Court, no more than the District Court, would be justified in disregarding it.

Judgment affirmed.

Mr. Justice TEMPLE, being disqualified, did not sit in this case.

Opinion of CROCKETT, J., concurring:

On the former appeal in this case (38 Cal. 60), I was of opinion that, on the facts as then presented, the plaintiff had the better title, and was entitled to recover. Subsequent reflection has strengthened my conviction in the correctness of the views expressed in my dissenting opinion. But a majority of the Court arrived at a different conclusion, and, as the case was then presented, held that the defendant had the better title; and, on well settled principles,

this decision, whether right or wrong, became the law of the case in all its subsequent stages. The first subject of inquiry, therefore, is whether the case, as made on the second trial, was materially different from that decided on the former appeal, for it is evident the former decision must control, unless the case, as now presented, is materially different from that on the former appeal.

After a careful examination of the record, I discover only two particulars in which the case, as now made, differs from that on the former appeal. On the first trial the patent for the "Jimeno Rancho" was not put in evidence, but in lieu thereof it was admitted that a patent had issued. On the last trial, however, the patent itself was produced in evidence, from an inspection of which it appears to contain as part thereof, a copy of the official survey on which the patent is founded, and on the plat of said survey there is delineated by dotted lines a tract representing the "Colus Rancho," confirmed to Semple, so far as the same conflicts with the survey of the "Jimeno Rancho." On the next succeeding page of the patent is found a memorandum by the Commissioner of the General Land Office, to the effect that the survey of the "Jimeno Rancho" embraces a portion of the survey made for the "Colus Rancho, confirmed to C. D. Semple, as shown by dotted lines in the foregoing, said Colus covering part of Jimeno, * * * as particularly indicated on the annexed diagram by a yellow shade." Then follows the diagram referred to, showing the survey of the Colus Rancho and its interference with the Jimeno survey. There is nothing in the granting words of the patent, nor in any other portion of it except that already referred to, to indicate that so much of the Colus survey, as interferes with the Jimeno survey, was intended to be excepted from the operation of the patent.

Including the interference between the two surveys, the patent embraces precisely the quantity which was confirmed to the patentee; and, of course, if the interference be excluded, the quantity embraced in the patent would, to that extent, be less than the quantity confirmed. The plaintiff, however, insists that the dotted lines on the plat of the sur-

vey, with the explanatory memorandum of the Commissioner of the General Land Office, accompanied by a diagram of the official survey of the Colus Rancho, make it apparent that it was intended to except from the operation of the patent the land included in the Colus survey. He maintained that the memorandum of the Commissioner could not, reasonably, have been inserted in the patent for any other purpose than to show that it was not intended to embrace the Colus survey. In support of this view he refers to several adjudicated cases, and particularly to the case of *Lafayette's heirs* v. *Kenton* (18 Howard, 197). But an examination of the case shows that the patent, on its face, expressly excepted in that case certain lands designated on the diagram annexed to the patent, and all the cases cited were of a similar character. If the patent in the case at bar, had, in terms or by necessary implication, contained a similar reservation of the Colus ranch, these authorities would have been decisive of the question, if any authority had been needed on so plain a proposition. But in this case there is no reservation either in terms or by necessary implication, and whatever may have been the purpose of the Commissioner in inserting his memorandum in the patent, it cannot be allowed to control the granting words of that instrument, which expressly convey to the patentee all the lands within the exterior limits of the Jimeno survey. If it had been intended to exclude the interference from the patent, the deficiency thus created would, doubtless, have been cured by including a like quantity at some other place within the exterior limits of the grant, in order that the patent might conform to the decree of confirmation in respect to quantity. I am, therefore, of opinion that the patent was properly admitted in evidence, and that it does not show on its face that any part of the Colus ranch was excepted from its operation.

The only other new proof offered by the plaintiff, on the second trial, was evidence tending to show that prior grants had been made by the Mexican Government to Jimeno; but I think this proof was clearly inadmissible for the reasons stated in the opinion of the Chief Justice.

I therefore concur in affirming the judgment.