[No. 2,285.]

## C. D. SEMPLE *v.* G. W. WARE.

SURVEY OF MEXICAN GRANTS.—The proceedings of the District Court of the United States under the Act of Congress of June 14th, 1860, relative to surveys of Mexican grants of land, are of a judicial nature.

WAIVER OF AN ESTOPPEL.—A party who has a judgment in his favor which would be an estoppel, may waive the benefits of the estoppel, in a case in which it is set up as a bar, by consenting in open Court to a judgment, notwithstanding the estoppel.

APPEAL from the District Court of the Tenth Judicial District, Yuba County.

Ejectment for part of lot number six, in block number six, in the Town of Colusa. The defendant recovered judgment in the Court below, and the plaintiff appealed.

The other facts are stated in the opinion, and in *Yates* v. *Smith,* 40 Cal. 662; and same case, 38 Cal. 60. The cases of

*Treadway* v. *Semple,* 28 Cal. 652, and *Semple* v. *Wright,* 32 Cal. 659, throw light on the litigation.

*Semple, per se,* and *L. J. Ashford* and *Jo Hamilton,* for Appellant.

*W. C. Belcher,* and *W. F. Goad,* for Respondent.

By the Court, NILES, J.:

The opinion in *Yates* v. *Smith,* 40 Cal. 662, disposes of all the points made upon this appeal except the fifth, which is that "the Court erred in giving a judgment in favor of defendant, the plaintiff holding the older and superior title." We shall concede, for the purposes of the appeal, that this point is properly presented by the record.

The plaintiff claims under a final decree of the District Court of the United States, made on the 2d day of February, 1861, confirming the survey of the Colus Rancho. The defendant claims under a final decree of the same Court, made on the 6th day of April, 1861, confirming the survey of the Jimeno Rancho, and also a patent from the United States following the decree. The surveys conflict, and the land in controversy is included within the boundaries of both surveys.

The date of the original grant of the Colus Rancho does not appear; nor does the date of the Jimeno grant appear, otherwise than from a recital of the patent which names November 4th, 1844, as the date of the Mexican grant to Manuel Jimeno. We have no information of the proceedings at the adjudication of the Colus survey, or of the parties thereto, except that derived from the fact that the survey was approved and confirmed to the plaintiff on a certain day. During the pendency of proceedings in the District Court upon the survey of the Jimeno Rancho, the plaintiff, to whom the Colus Rancho had then been finally confirmed,

intervened and filed exceptions to the survey, alleging, among other facts, that the survey of the Jimeno Rancho presented for confirmation was not properly located; that it covered two leagues of the Colus grant, which had been finally confirmed to him; that he believed that the title to the Colus grant was superior to that of the Jimeno grant to the same land, etc., and praying that the survey be ordered to be returned into Court for its adjudication and decision. On the day of the rendition of the final decree the plaintiff (then intervenor) appeared personally, and in open Court consented to the decree and the official survey.

The decision of the case depends upon the relative values of the several decrees of confirmation. There can be no doubt that the proceedings of a District Court under the Act of Congress of June 14th, 1860, are of a judicial nature. We may admit for the purposes of this case that the decree rendered in the matter of the Colus survey was conclusive as a judgment upon all parties in interest who either did intervene, or who might have intervened, in that proceeding, in accordance with the provisions of the Act; and that the plaintiff could have availed himself of this decree by way of a plea in bar, or as conclusive evidence of title, in the subsequent proceedings for the confirmation of the Jimeno survey. But a party may waive the benefit of an estoppel in his favor; and the failure of the plaintiff to present this plea in his intervention, and his consent in open Court to the decree as entered, was a waiver of this right. (*Semple* v. *Wright,* 32 Cal. 668.)

The result is not changed, if we consider the decree of confirmation of the Colus survey as being for all purposes equivalent to a patent from the United States. The holder of the best title is bound to exhibit and prove it in proceedings adverse to that title, and to which he is a party. By withholding his title, and formally consenting to a decree in favor of the claimants under the Jimeno grant, which would

be equivalent to a patent in their hands, the plaintiff lost the power to assert his claim, as against them, to the land in controversy.

Judgment affirmed, as of the 1st day of February, 1872.

Mr. Justice CROCKETT dissented.