[No. 3,701.]

## GEORGE HAGAR *v.* JONAS SPECT ET AL.

LIMITATION OF ACTIONS.—The Statute of Limitations in relation to land claimed under a Mexican grant which requires confirmation does not commence running until a patent is issued by the United States.

IDEM.—A possession, in order to confer a title to land under the Statute of Limitations, must be continuous for the full period of five years.

OFFERING DEED IN EVIDENCE.—If a deed of a tract of land contains a clause excepting from its operation such portions of the tract as had previously been conveyed by the grantor, the grantee, in ejectment to recover a parcel of the tract, may introduce it in evidence, without previously proving that the premises in controversy had not been conveyed by the grantor when the deed was given.

APPEAL from the District Court, Tenth Judicial District, County of Colusa.

Ejectment to recover a lot in the town and County of
Colusa. The plaintiff claimed under the Jimeno grant, and
the defendants under the Colus grant. The general facts
in relation to these conflicting grants are stated in the cases
referred to in the opinion. The complaint averred the
ouster to have taken place on the 2d day of February, 1870.
The transcript does not show when the suit was com-
menced, but an amended complaint was filed December
7, 1870. The final survey of the Jimeno grant was ap-
proved on the 6th day of April, 1861. The Court below
found the following facts in relation to the plea of the
Statute of Limitations interposed by the defendants: In
1850, C. D. Semple, who had purchased the Colus grant
from John Bidwell, entered on the land under his deed, and
laid out the town of Colusa into lots and blocks and streets,
and lived afterwards in the town, sometimes on one lot, and
sometimes on another, but did not at any time have actual
possession of the lot in controversy. Hagar, the plaintiff,
after 1857, lived in the town, and had possession of some of
the lots, claiming to hold the same under the Jimeno grant,
but did not have possession of the lot in controversy. In
1859, one Melarkey entered upon the lot in controversy
under a deed from one Shepardson, and moved into a house
standing on it, and built a fence around it. On the 20th of
May, 1861, Semple conveyed it to Melarkey. Melarkey
lived on the lot till the spring of 1863, when he went to the
State of Nevada. From 1863 to 1866, several persons oc-
cupied the house and lot for different periods, but no one
entered or occupied under Melarkey. In 1866, the house
and fence were removed from the lot, and it remained open
and unoccupied till January, 1870, when the defendant
Spect entered and commenced erecting a building thereon.
He deraigned title from Melarkey through several mesne
conveyances. The other defendants were tenants of Spect.
A. C. Whitcomb acquired from the grantees the title to
the southern nine leagues of the Jimeno grant, and, on the
9th day of March, 1857, conveyed to the plaintiff Hagar.
The deed contained a reservation in the following words:
"But it is expressly understood and agreed that this deed

Opinion of the Court—Rhodes, J.

is made and taken without any covenants of title or war-
rantee, either express or implied, on the part of the said
party of the first part, and that it is subject to any convey-
ances heretofore made by him of any portion of, or interest
in, the said tract of land, or any part thereof." The deed
was signed by both the grantor and the grantee. When
the plaintiff offered this deed in evidence, as a part of his
chain of title, the defendants objected, as stated in the
opinion.

The other facts are stated in the opinion.

*F. L. Hatch*, for the Appellants.

*W. C. Belcher* and *W. F. Goad*, for the Respondent.

By the Court, RHODES, J.:

This case again presents the conflict between the titles to
the Jimenos and the Colus ranchos. The evidence in the
record is substantially the same as was presented in *Tread-
way* v. *Semple*, 28 Cal. 652; *Semple* v. *Wright*, 32 Cal. 659;
*Yates* v. *Smith*, 40 Cal. 662, and *Semple* v. *Ware*, 42 Cal.
619. In each of those cases it was held that in respect to
the land covered by the survey of both ranchos, the Jimeno
was the better title. The grounds upon which the decisions
in those cases rest, need not be again considered or even
repeated. Those authories should be regarded as having
definitively settled the question of the relative value of
those titles.

The defendants failed to sustain their plea of the Statute
of Limitations. Whatever may have been the effect of
Semple's constructive possession, it is manifest that it did
not continue after May 20, 1861, when he executed a
deed conveying the premises to Melarkey, the latter being
then in the actual possession. The patent for the Jimeno
rancho having issued July 18, 1862, the defendants, under
the authority of *Gardner* v. *Miller* (47 Cal. 570), cannot com-
pute, as a portion of the statutory period, the time which
elapsed before that date. After that date, the possession
of the defendant's grantors was not continuous for the full

period of five years, and therefore was unavailing. (Sec.. 318, Code Civ. Proc.)

The defendants objected to the admission in evidence of a deed of conveyance made by Whitcomb to the plaintiff,. on the ground that it excepted such portions of the rancho as had previously been conveyed by Whitcomb; and that. the plaintiff had not proved that the premises in controversy had not been previously conveyed to other persons. It is unnecessary to determine whether the clause of the deed in question creates an exception; for, admitting that it is so to be construed, and that the plaintiff must make it appear that the premises in controversy are not within the exception, there is no rule requiring such proof to be made before the introduction of the deed, and it would be more orderly to adduce such proof after the admission of the deed. in evidence.

Judgment and order affirmed.   Remittitur forthwith..