[No. 1053.    October 17, 1904.]

## ANTONIO DELGADO y ORTIZ, Appellant, v. FIRST NATIONAL BANK OF LAS VEGAS, Appellee.

### SYLLABUS.

1. This court will not interfere with the findings of fact of the trial court where there is sufficient evidence to support such findings.

2. In order to avail himself of the defense of *res judicata* in a suit in equity the defendant should plead and prove facts sufficient to establish a former adjudication of the issue by judgment decree or final order of a court of competent jurisdiction.

3. A verdict of a jury upon the issues raised by an attachment affidavit alleging, among other things, that the defendant has fraudently concealed and disposed of his property and effects so as to defraud, hinder and delay his creditors, and an answer denying the same, is not *res judicata* of a suit in equity brought by another party to set aside a deed given by the attachment debtor upon the ground of fraud, even though the plaintiff in the suit in equity had an attachment suit pending against the same parties for the same cause at the time the verdict was rendered.

Appeal from the district court of San Miguel county, before JOHN R. McFIE, Associate Justice. Affirmed.

A. A. JONES for appellee.

O. A. LARRAZOLO for appellant.

The existence of fraudulent intent must always be proved by evidence which is competent against the grantee. No person should be allowed to defeat his transfer by his own acts or words.

Bump Fraud. Conv., par. 599, citing Miner v. Phillips, 42 Ill. 128; Clements v. Moore, 6 Wall. 299; Foster v. Wallace, 2 Mo. 231; 35 Mo. 202; 53 Mo. App. 644; Visher v. Webster, 15 Cal. 50; Lewis v. Wilcox, 116 U. S. 165; Peck v. Crouse, 46 Barb. 151; 15 Barb. 560; 60 Barb. 62; Ball v. Loomis, 29 N. Y. 412; Savery v. Spaulding, 8 Iowa 239; Norton v. Kearney, 10 Wis. 443; 13 Wis. 644; Waynne v. Gildwell, 17 Ind. 446; 77 Ind. 490; Burt v. McKinstrey, 4 Minn. 204; 5 Minn. 119; 7 Minn. 421; 12 Minn. 445; Edgell v. Bennett, 7 Vt. 534; Humphreys v. McCraw, 9 Ark. 91; Scott v. Heilager, 14 Penn. 238; 21 Penn. 402; 63 Penn. 59; 65 Penn. 89; Reed v. Smith, 14 Ala. 380; 18 Ala. 585; 41 Ala. 168; 90 Ala. 86; Taylor v. Robinson, 84 Mass. 562; 79 Mass. 140, 578; 113 Mass. 74; Regan v. Kennedy, 1 Tenn. 91; Glenn v. Grover, 3 Md. 212; Collumb v. Read, 24 N. Y. 505; 40 N. Y. 221; Thornton v. Tandy, 39 Tex. 544; Taylor v. Webb, 54 Miss. 36.

The rule which excludes all except the best evidence, excludes only that evidence which itself indicates the existence of more original sources of information.

1 Greenleaf Ev. (13 Ed.), par. 82.

The burden of proof rests upon the cerditors whenever they essay to transfer a fraud.

Bump Fraud. Conv. (4 Ed.), par. 611.

Notice of a fraudulent intent on the part of the debtor will vitiate the transfer.

Bump on Fraud. Conv., pars. 18, 183, 184. No active duty of diligence is required of the purchaser to suspect and investigate the motives of the vendor.

Smith's Equitable Remedies of Creditors, par. 100, p. 125; Cook v. Jadis, 5 B. and Ad. 909; Backhouse v. Harrison, 5 B. and Ad. 1098; Goodman v. Harvey, 4 Ed. and Ellis, 870.

The mere knowledge of the purchaser that the seller is in debt, without regard to his ability to pay, will not make void a sale unless the vendee was a participant in the fraud.

Baughman v. Penn, 6 Pac. 890; Jones v. Simpson, 116 U. S. 609; Hughes v. Monty. 24 Iowa 499; Loeschigk v. Bridge, 42 N. Y. 421.

The evidence will not warrant the setting aside of the sale on the ground of fraud.

Lewis v. Palmer (Hill and D. Supp. 68); Henry v. Henry, 8 Barb. 588; Seymour v. Wilson, 4 Kern. 567; 8 Wend. 353, 365; 8 Johns 446; 14 Johns 439; 2 Johns Ch. 35; 18 Johns 515; 21 N. Y. 23; Simpson v. Rooth, 30 Conn. 15; Bamberger v. Schoolfield, 160 U. S. 163; 40 L. 379; 16 S. Ct. 229; Walker v. Collins, 59 Fed. 73-74; 19 U. S. App. 307; Ross v. Wellman, 102 Cal. 4; 36 Pac. 403; Casey v. Legget, 125 Cal. 670; 58 Pac. 266.

The judgment should be reversed and a new trial granted.

Mores v. Territory, 10 N. M. 780; Owens v. State, 35 Tex. 361; U. S. v. Biena, 8 N. M. 99; Territory v. Pino, 9 N. M. 598; Territory v. Edie, 6 N. M. 555; Carlisle Gold Mining Co. v. Clark, 5 N. M. 323; Romero v. Demario, 5 N. M. 142; Railroad Co. v. Ohle, 170 U. S. 123.

The rule that the finding of a jury will not be dis-

turbed ought to be relaxed whenever it appears that injustice has been done.

> Owen v. State, supra; Williams v. Townsend, 15 Kas. 429, Martin v. Martin, 45 Pac. 813; Gurmo v. Ballero, 48 Cal. 121; Lee v. State, 71 Ga. 260; Copeland v. State, 7 Hum. (Tenn.) 479; Rafferty v. People, 72 Ill. 37.

Whenever on the trial of a cause, from the state of the pleadings in it, the record of a judgment rendered by a competent tribunal upon the merits in a former action for the same cause, between the same parties or, those claiming under them, is properly given in evidence to the jury, it ought to be considered conclusive on both court and jury, and to preclude all further injury in the cause,

> Marsh v. Pier, 4 Rawle (Pa.) 288; Ridgway v. Chequier, 1 Cranch (C. C.) 87; Young v. Black, 7 Cranch (U. S.) 565; Welch v. Lindo, 1 Cranch (C. C.) 508; Stone v. Stone, 2 Cranch (C. C.) 119; Mason v. Eldred, 6 Wall. (U. S.) 231; Bartels v. Schell, 16 Fed. Rep. 341; Cook v. Field, 3 Ala. 55; Cannon v. Brame, 45 Ala. 262; Betts v. Slarr, 5 Conn. 550; Little v. Barlow, 37 Fla. 232; Lampton v. Jones, 57 B. Mon. (Ky.) 235; Walker v. Chase, 53 Me. 258; 78 Me. 287; Shafer v. Stonebreaker, 4 Gill & J. (Md.) 345; Hempstead v. Stone, 2 Mo. 65; 9 Mo. 120; Chamberlain v. Carlisle, 26 N. H. 540; 44 N. H. 528; Young v. Rummel, 2 Hill. (N. Y.) 478; 4 Cow (N. Y.) 559; Reynolds v. Stansbury, 2 Ohio 344; Cist v. Ziegler, 16 S. & R. (Penn.) 282; Jones v. Weathersbee, 4 Strobh. L. (S. Car.) 50; Warwick v. Underwood, 3 Head. (Tenn.) 238; 11 Lea (Tenn.) 14; Gray v. Pingy, 17 Vt. 419; 18 Vt. 252; 58 Vt. 45.

A judgment of a court of competent jurisdiction upon the merits of a controversy is conclusive between the parties and those in privity with them upon every

question of fact directly in issue and determined in the action.

24 Ency. of Law (2 Ed.), p. 765; National Foundry, etc., Works v. Oconto Water Supply Co., 183 U. S. 216; Miller v. Perris Irrigation Dist., 99 Fed. Rep. 143; Manhattan Trust Co. v. Trust Co. of North America (C. C. A.), 107 Fed. Rep. 328; Aurora City v. West, 7 Wall (U. S.) 82; Brown v. Tillman, 121 Ala. 626; Baslon v. Haynes, 33 Cal. 31; 27 Cal. 655; Harris v. Colquit, 44 Ga. 663; 106 Ga. 282; Peterson v. Nehf, 80 Ill. 25; 31 Ill. App. 369; 119 Ill. 606; Duncan v. Holcomb, 26 Ind. 378; 123 Ind. 451; 104 Ind. 246; McGregor v. McGregor, 21 Iowa 441; Russell v. England, 50 S. W. 250 (Ky. 1899); Bonrillian v. Bourg, 16 La. Ann. 363, 48 La. Ann. 765; Gilmore v. Patterson, 36 Me. 544; Jamaica Pond Aqueduct Corp. v. Chandler, 121 Mass. 1; Langford v. Boniphan, 1 Mo. App. 381; 110 Mo. 432; Lewis v. Mills, 47 Neb. 910; 59 Neb. 724; Wooster v. Cooper, 59 N. J. Eq. 204; Mersereau v. Pearsall, 19 N. Y. 108; 133 N. Y. 614; 172 N. Y. 337; 35 Barb. (N. Y.) 565; Gay v. Stancell, 76 N. Car. 369; 117 N. Car. 54; 97 N. Car. 264; Raisig v. Graff, 17 Pa. Supr. Ct. 509; Matter of MacDonald, 29 Wash. 422; Ohio River R. Co. v. Johnson, 50 W. Va. 499; Driscoll v. Damp, 16 Wis. 106.

What parties are concluded.

24 Ency. of Law (2 Ed.), p. 746; 1 Greenl. (13 Ed.), par. 189; Lovejoy v. Murray, 3 Wall. (U. S.) 1; Gills Case, 7 Ct. Cl. 522; Litchfield v. Goodnow, 123 U. S. 549; Bailey v. Sundberg (C. C. A.), 49 Fed. Rep. 583; Gordon v. Newman, (C. C. A.), 62 Fed. Rep. 686; Hauke v. Cooper (C. C. A.), 103 Fed. Rep. 922.

When not otherwise provided by Statute, a priority
of levy creates a priority of lien.

> 3 Ency. of Law (2 Ed.), p. 224; Nutter v.
> Connet, 3 B. Mon. (Ky.) 203; Emerson v. Fox,
> 3 La. 183; Wallace v. Forrest, 2 Har. & M.
> (Md.) 261; May v. Buckhannon River Lumber
> Co., 70 Md. 448; Atlas Bank v. Nahant Bank,
> 23 Pick (Mass.) 488; Field v. Melburn, 9 Mo.
> 496; Talbot v. Harding, 10 Mo. 350; Stauton
> v. Boschert, 104 Mo. 393; State v. Harrington,
> 29 Mo. App. 287; Greenleaf v. Mumford, 30
> How. Pr: (N. Y. Sup. Ct.) 30; 19 Abb. Pr. N.
> Y. 469; Robertson v. Forrest, 2 Brev. (S. Car.)
> 466; Crowninshield v. Stroebel, 2 Brev. (S.
> Car.) 80; Bethune v. Gibson, 2 Brev. (S. Car.)
> 501; Crocker v. Redcliff, 3 Brev. (S. Car.) 25;
> Sanger v. Trammell, 66 Tex. 361; Farmers Bank
> v. Day, 6 Graft. (Va) 360; Payne v. Discus, 88
> Iowa 423.

### STATEMENT OF FACTS.

On the thirteenth of May, 1902, the First National
Bank of Las Vegas, New Mexico, recovered a judgment
in the district court of the Fourth judicial district, sit-
ting within and for the county of San Miguel, in the
Territory of New Mexico, against Hilario Romero, Be-
nigno Romero, and Jose Maria Martines, for the sum of
$4,811.36 damages and costs of that suit, together with
interest from the date of said judgment until paid at the
rate of twelve per cent per annum.

Prior to the time of said judgment, Hilario Romero
and Benigno Romero had been for several years engaged
in the mercantile business and in the cattle business, as
partners under the firm name and style of Hilario Ro-
mero & Bro., and were the owners of a certain ranch in
precinct No. 7 in San Miguel county, consisting of about
a thousand acres of land, being known as the Monton de

Alamos, which is the tract of land in controversy in this suit.

On the twenty-sixth day of August, 1891, Hilario Romero and Benigno Romero, and their respective wives, conveyed this tract of land to the defendant, Antonio Delgado y Ortiz by warranty deed, containing a stated consideration of sixty-three hundred dollars, which deed was filed for record on the twenty-eighth day of September, 1891.

Long prior to the execution and delivery of the deed aforesaid the firm of Hilario Romero & Bro., had been heavily involved in debt and was so involved at the time of the execution of said deed, and on the twenty-seventh day of September, 1891, the said firm of Hilario Romero & Bro. made an assignment for the benefit of their creditors. The defendant, Antonio Delgado y Ortiz, was a cousin of Hilario and Benigno Romero, the members of said firm, and had been employed for some ten years prior to the date of said deed as a clerk and manager of one of their branch stores. Shortly after the assignment of the firm of Hilario Romero & Bro., the First National Bank of Las Vegas, New Mexico, commenced an action in attachment in the district court of San Miguel county, and caused a writ of attachment to be issued and levied upon the tract of land heretofore mentioned as the property of said Hilario Romero and brother, the attachment, affidavit in said cause stating, as one of the grounds of attachment, that the said firm of Hilario Romero & Bro. had concealed and disposed of a portion of their property with the intent to defraud, hinder and delay their creditors. Subsequently, and before the attachment issue was tried, the firm of Bernheim, Bauer & Company commenced a like suit in said court, filed an affidavit in attachment setting up the same grounds, and caused a writ of attachment to issue out of said court, which was levied upon the tract of land in controversy as the property of Hilario Romero & Bro. In the latter case the firm of Hilario Romero &

Bro., filed a plea to the attachment affidavit, denying the allegations thereof, and the issue thus raised was tried by a jury in said court, the jury returning a verdict of not guilty.

The record does not disclose whether or not the attachment issue was ever tried in the case of the First National Bank versus Hilario Romero and brother, but the said First National Bank of Las Vegas pursued their claim to judgment against the Romeros and Martinez, had an execution issued, which was returned unsatisfied, and brought this suit in the nature of a creditors' bill in the district court of San Miguel county, as aforesaid, to set aside the deed from the Romeros to Antonio Delgado y Ortiz and other conveyances to Juan B. Martinez, J. Hilario Montoya and D. Felipe Martines. All the defendants except Antonio Delgado y Ortiz, failed to appear and answer, and judgment was rendered against them by default. Ortiz answered, however, admitting the deed from Hilario Romero and Benigno Romero, and their respective wives, to himself, and the title of the Romeros to the land, and denying fraud or collusion between himself and the Romeros, and alleging that the deed to him was made in good faith, for a valuable consideration, and without any fraud upon his part or any knowledge of a fraudulent intent upon the part of the Romeros. The cause was tried by Honorable John R. McFie, sitting in the Fourth judicial district in the place of Honorable William J. Mills, chief justice, who was disqualified from hearing the cause. The trial court found in favor of appellee, the First National Bank of Las Vegas, New Mexico, and against the appellant, Antonio Delgado y Ortiz, and rendered a judgment in said cause, setting aside the deed from the Romeros to Ortiz as fraudulent and void, and appointing a receiver to take charge of the premises, and a judgment against the defendant, Ortiz, for costs, from which said judgment the appellant duly appealed to this court.

### OPINION OF THE COURT.

MANN, J.—This cause was tried below by Hon. J. R. McFie, judge of the First judicial district, sitting in the place of Hon. Wm. J. Mills, judge of the district court of San Miguel county, who was incapacitated from sitting at the trial of this cause by reason of having been counsel for the defendant, Antonio Delgado y Ortiz, in a cause involving the same issues. It has long been a settled rule of this court, that it will not disturb the findings of fact of the trial court, where there is sufficient evidence to support such findings. A careful reading of all the evidence in this case convinces us that the trial court was not only justified in his findings that the deed from Hilario Romero and wife and Benigno Romero and wife, to Antonio Delgado y Ortiz was fraudulent and void as to creditors of the firm of H. Romero & Bro., but that no other reasonable conclusion could be gathered from the evidence.

The confidential relations which Ortiz bore to the firm, his relationship to the parties, and the absurdity of his claim as to the manner in which he acquired the money to buy the property in question, all point to his guilt as a party to the fraud. His testimony shows that he commenced working for this firm at the age of seventeen or eighteen years at a salary of twenty dollars per month, that he worked for them in the stores at Las Vegas and Los Alamos continuously for ten years or so, at wages from twenty to seventy-five dollars per month, receiving the latter sum for only two or three years; out of these wages he claims to have saved money and invested in cattle until at the date of the deed he was able to pay six thousand, three hundred dollars for this ranch. The manner of making the payments as he relates them, were, to say the least, peculiar; he claims to have had over one thousand dollars at a time in his trunk, in a room at the rear of the store, which he had

saved from his wages, his aunt also kept a large sum of money for him in a trunk or box, as he claims, in her residence. The cattle which he claims to have traded the Romeros as part payment for the ranch can not be traced and the records show that no such cattle were shipped by the Romeros; in fact, the whole transaction appears false and fraudulent upon the testimony of all parties to the deed. No account was kept in the books of the firm of the sale of the ranch to Delgado or of the payments made by him to Romero, and the trial court finds that the purported memorandum held by Delgado, of which the Romero Brothers held a duplicate, was made for the sole purpose of building up evidence and was fraudulent and false. The record in this case is voluminous and it is impossible to quote all the inconsistencies and absurdities of Delgado's testimony, and those of his cousins in support of his contention, but we are entirely satisfied with the findings of the trial court, which appear in the record, and they will, therefore, not be disturbed.

Appellant's counsel devotes a large portion of his brief to the question of *res judicata,* the contention being that the verdict of the jury in the attachment case of Bernheim, Bauer & Company v. H. Romero & Bro., finding the last named firm not guilty of "fraudulently concealing and disposing of their property and effects so as to hinder, delay and defraud their creditors" is *res judicata* as to the plaintiff in this case on the question of fraud in the deed to Delgado y Ortiz.

We can not concur in this contention for several reasons: First, because no such issue is raised by the pleadings in this cause and the weight of authority is to the effect that the defense of *res judicata* in a suit in equity must be pleaded or it will be deemed waived. 24 Am. and Eng. Ency. of Law (2 Ed.), 836; Biglow on Estoppel (5 Ed.), 701; Simple v. Ware, 42 Cal. 619; Simple v. Wright, 32 Cal. 668; Cherry v. York (Tenn.), 47 S. W. 184; 9 Ency. Pl. and Pr., 616; Turley v. Turley,

1 Pickle (Tenn.) 251, 1 S. W. 894; second, because no judgment, final order or decree of any court of competent jurisdiction is relied upon, but merely the verdict of a jury, and that upon a question ancillary to the main issue.

"The weight of authority supports the view that it is not the finding of the court or the verdict of the jury rendered in an action that concludes the parties in subsequent litigation, but the judgment entered thereon, for the verdict when rendered is under the control of the court in which the action was tried, and may be set aside for good reasons, and hence it is necessary, in order to support the plea of *res judicata*, that a judgment, decree or final order should have been actually rendered and entered in the prior action or suit." 24 Am. and Eng. Ency. of Law, 792; Boulding v. Phelps, 30 Fed. 547; In re Matter of Hulbert Estate, 57 Cal. 257; Biglow on Estoppel (5 Ed.), 51; third, there is no privity between the parties to the case of Bernheim, Bauer & Company v. Romero Bros. and the parties to this cause.

"Absolute identity of interest is essential to privity. One whose interest is almost identical with that of a party but who does not claim through him, is not a privity with him. The fact that two parties, as litigants in two different suits, happen to be interested in proving or disproving the same facts, creates no privity between them." 24 Am. and Eng. Ency. of Law, 747, citing Spencer v. Williams, L. R. 2 P. D. 230; Sturbridge v. Franklin, 160 Mass. 149; Buelen v. Shamnon, 3 Gray 387.

For reasons given the judgment of the lower court is affirmed.

Parker, Baker and Pope, JJ., concur.

McFie, A. J., having tried the case below, and Mills, C. J., being incapacitated by reason of having been counsel for one of the parties in another case involving the same issues, took no part in this decision.