[Civ. No. 2859.   Fourth Dist.   June 30, 1942.]

Estate of LUTHER LINDAUER, Deceased.   MILDRED
EWING, Appellant, v. GOLD E. LINDAUER, as Administrator With the Will Annexed, etc., Respondent.

Oliver M. Hickey and Alfred J. Smallberg for Appellant.

Riley M. Reed for Respondent.

GRIFFIN, J.—Luther Lindauer died August 11, 1936, leaving his wife Lucy Lindauer as surviving joint tenant and sole devisee and executrix of his will. She died on August 11, 1940. Their son, Gold E. Lindauer, was appointed administrator with the will annexed August 30, 1940. The joint tenancy property was appraised by the state inheritance tax appraiser at $128,990, and the probate property, being separate and community property, was appraised at $39,305.34. On July 10, 1939, Lucy Lindauer, as executrix, filed her *account current*, which came on for hearing August 7, 1939, before Hon. G. K. Scovel, judge of the Superior Court of Orange County. Apparently, the account current set forth certain statutory attorneys' fees and fees for extraordinary services and executrix' fees that were claimed to have been paid by the executor based on the original appraisal of the property. It also contained an account of claimed payment by her of state and federal inheritance taxes. In dispute was a claim filed by Gold E. Lindauer for $5,000 against the estate which was disallowed in its entirety. The account current also set forth a claim for moneys advanced by the executrix for which she asked credit, covering costs, expenses of last sickness, funeral expenses, taxes paid on the estate property, and mortgages paid off. It was stipulated between the attorneys of record that the executrix, during her administration of the affairs of the estate, did not keep the funds of the estate in a separate account at the bank, but commingled the funds of the estate with her personal funds. The decree settling the *account current* recites that "On this 7th day of August, 1939, the account

current . . . came on for hearing . . . Mildred Ewing, a creditor, having filed objections to said account and report, . . . and Oliver M. Hickey and Alfred J. Smallberg appearing for Mildred Ewing and all parties announced ready, the court, after hearing the evidence,'' found certain deductions should be made from the appraised value of the estate which was appraised at $39,305.34, leaving the appraised value at $32,430.34, and ordered that the attorneys' fees allowed by law and executrix's commissions be computed upon that sum rather than the sum shown in the original appraisal. It specifically decreed: ''(2) that the executrix is entitled to the sum of $978.60, and Riley M. Reed is entitled to the sum of $978.60 as attorneys' fees allowed by law; that $350.00 of said attorneys' fees have been paid, leaving a balance of $628.60, which is hereby allowed. (3) That Riley M. Reed and Thomas L. McFadden are entitled to the sum of $500.00 attorneys' fees extraordinary, for representing the executrix in the cause of Mildred Ewing vs. Lucy Lindauer, executrix . . . which fees are hereby allowed and the said Riley M. Reed is entitled to the further sum of $300.00 as attorney's fees extraordinary for additional services performed for said executrix to date of said account.'' The court then decreed that the executrix was entitled to credits for the advancements she had made for costs, expenses of last sickness and funeral expenses, taxes paid, including federal inheritance taxes in the sum of $1,162.30, and state inheritance taxes in the sum of $545.86. As thus corrected, the court ordered the account be allowed and settled and ordered the claims and credits above listed to be paid in the course of administration together with such other credits as may become due and that any balance or residue remaining should be applied on the judgment of Mildred Ewing. This decree was dated August 11, 1939. No appeal was taken from this decree.

On May 5, 1941, Gold E. Lindauer, as administrator with the will annexed, rendered to the court his final account, and after setting forth the assets as originally appraised, and chargeable to Lucy Lindauer, as executrix of said estate, claimed to be entitled to credits for the items allowed in the account current as of July 10, 1939, for costs, including $350 on attorneys' fees to Riley M. Reed, expenses of last sickness, funeral expenses, taxes paid, federal inheritance taxes, state inheritance taxes, commissions and statutory attorneys' fees, as well as extraordinary fees, all in the same amounts

as allowed in the account current. He then listed certain expenses and expenditures since July 10, 1939, for which he claimed credit, which did not include any of the above listed items allowed in the account current or for any further claim for statutory fees for himself or for the attorney.

On May 21, 1941, appellant, as a judgment creditor, appeared through her counsel and filed her objections to the final account claiming (1) that the statutory fees of counsel and of the executrix were improperly computed in that the computation did not take into consideration an existing obligation against the realty in the estate in the sum of $8,000, nor did it take into consideration the re-appraisal value of the property; that the fees in question should have been predicated on the total charges as they appeared after the re-appraisal, and minus the mortgage lien in the sum of $8,000, which would make a net sum of $13,576.58 on which fees should be predicated. (2) That the executor and administrator filed no claim for moneys loaned or advanced to the estate to discharge the certain particular claims entitled to preference and that they should not therefore be reimbursed for same. (3) That 14 shares of certain water stock claimed to be valued at $750 should be considered as an asset of the estate subject to the payment of appellant's claim. (4) That the final account upon its face shows that payments of state and federal inheritance taxes were predicated upon the sum of $39,305.34, whereas, they should have been predicated on the sum of $11,081.07. (5) That the payments of the obligations of the estate were not made by the executrix or administrator with the will annexed in their official capacity because they did not deposit the funds of the estate to the credit of the estate, but on the contrary, commingled the estate funds with their private funds without an order or direction of the court, and that whatever payments they made in their individual capacity must be considered as payments made by a volunteer. It is then claimed that the final account should be corrected accordingly and that the remaining assets of the estate would then be sufficient to discharge the claim of the appellant.

On June 9, 1941, all parties appeared. The court found: (1) That all items in the final account and report, including the items objected to by the objector, were correct, and that the credits shown in the account and report to which the administrator was entitled represented expenditures for

funeral expenses and last illness, costs of administration, taxes and liens on properties, and expenditures for the preservation of the estate, and were properly allowable. (2) that the shares of water stock were assets of the estate, and according to stipulation, valued at $310. (The decree of distribution shows that this stock was "issued to Elizabeth G. Worth, pledgee, for Lucy Lindauer, as executrix of Luther Lindauer, deceased.") (3) That the claims and credits of the administrator set forth in the final account are preferred in order of payment over the claim of the objector Mildred Ewing; that as such claims and credits exceed the sum total of the net proceeds from the sale of the property of the estate and said sum of $310, valuation of the water stock, the administrator is entitled to have such proceeds applied on his credits, and the heirs of the estate are entitled to have the said water stock distributed to them.

On June 16, 1941, the order settling the final account and decreeing distribution was entered accordingly. From this order and decree the judgment creditor has appealed.

The questions now raised on appeal involve practically the same questions presented on objections to the allowance of the account current. ▮ The question in respect to the right of the legal representatives of an estate to commingle funds of the estate with their private funds and then urge a claim against the estate for claimed advancements without a previous order of the court, has been considered in this state. (*Estate of Smith,* 118 Cal. 462 [50 Pac. 701].) It appears from the record that Lucy Lindauer, as executrix, received upon her appointment, cash in the sum of $935.34, and to the date of filing of the account current, she received from the sale of avocados $1,623.83; from the sale of realty $2,298.20; and from the sale of Lindauer Corporation stock $200; a total of $5,057.37; that up to said date she paid out for costs of administration, funeral and expenses of last illness, taxes, caring for property, and on mortgages and inheritance taxes, the sum of $10,150.41. It cannot be said that the executrix profited by such transactions or injured any interested party. Appellant makes no claim of wrongdoing or injury. Where the legal representative, in good faith, makes proper expenditures for the estate, either from his own funds or from estate funds, without order of court, he is entitled to credit. In the absence of bad faith or abuse of discretion by the trial judge, the appellate court will not

interfere with the action of the trial judge. (§ 929, Prob. Code; *Estate of Maddalena,* 42 Cal. App. (2d) 12 [108 P. (2d) 17].)

The remaining contentions of appellant may be considered under one heading, i. e., the determination of the amount of and the allowance of attorneys' fees, executor's fees, payment of state and federal inheritance taxes, payments on mortgages paid by the executor or ordered paid by the court, and the other items about which appellant complains. These items were all contained in the account current and considered by the trial court upon the hearing after notice to and after the opposition thereto was presented by the appellant on the hearing of the account current. The order approving this account current was an appealable order. (§ 1240 Prob. Code.) Apparently appellant consented to the allowances there made or failed to appeal from the order allowing and approving such account current containing these items. Our research of the authorities reaches but one conclusion. The failure to appeal therefrom now bars appellant from a consideration of those matters on an appeal from the order approving the final account. Directly in point is *Estate of Richards,* 17 Cal. (2d) 259 [109 P. (2d) 923].

The probate court has exclusive jurisdiction upon the settlement of the account, after notice to the parties interested, to determine what items of expenditure incurred during administration are proper charges against the estate. (*Gurnee* v. *Maloney,* 38 Cal. 85 [99 Am. Dec. 352].) The court in passing upon such expenditures is vested with a broad discretion which will not be disturbed on appeal except when abused. (*Estate of Parker,* 186 Cal. 668 [200 Pac. 619].) Where payment of claims is credited in a current account and such account is allowed and settled by the court, the order allowing it is not void, but is an appealable order which, however ill allowed or erroneous, becomes conclusive upon unpaid creditors who do not appeal therefrom. (§ 931 Prob. Code; ·*Estate of Fernandez,* 119 Cal. 579 [51 Pac. 851] ; *Estate of King,* 19 Cal. (2d) 354, 360 [121 P. (2d) 716], and cases cited.)

Assuming the correctness of appellant's contention that the trial court erred in allowing statutory attorney's and executor's fees in excess of the amount due at the time of the filing of the account current (§ 911 Prob. Code), or that the trial court failed to take into consideration the mort-

gage indebtedness in fixing the value of the property for the purpose of determining the proper statutory fees, as the record apparently discloses (§ 901 Prob. Code); *Estate of Lampman,* 15 Cal. (2d) 212 [100 P. (2d) 488]), or that certain portions of the federal and state inheritance taxes were probably not directly chargeable to the estate, or that certain credits were not properly due the executrix, it nevertheless appears that all of these matters were presented in the account current. Appellant appeared and did not contest them or at least made no objection thereto, and failed to appeal from the order approving the account. She is now barred from raising the same questions there presented on a collateral attack on an appeal from an order approving the final account. (*Estate of Richards, supra.*)

Finally, appellant contends that respondent's answer to appellant's objections to the final account does not set forth a defense based upon the ground that appellant was barred from again raising the questions presented by reason of the decree settling the account current; that therefore respondent waived his right to rely upon the doctrine of estoppel or res judicata and cannot raise that question for the first time on appeal, citing *Semple* v. *Ware,* 42 Cal. 619; *Harper* v. *Gordon,* 128 Cal. 489 [61 Pac. 84]. We only have before us the judgment roll and bill of exceptions upon which to consider the point presented. The record fully sets forth the fact that all of the items complained of were allowed in the account current and no appeal was taken from that order. A copy of respondent's claimed answer to appellant's objections does not, in direct terms, raise the particular issue here argued, but the answer does contain the allegation that the "administrator says that all items of credit set out in the account current, and decree settling account current, and set out in the final account filed herein, are preferred in the order of payment over the judgment claim of said Mildred Ewing." Whether the trial court tried the issues there presented upon the theory that appellant was barred by reason of the former order cannot be here considered as the entire record is not before us. We must therefore conclude, in support of the judgment, that it was so considered. The final judgment recites that the "final account is correct"; that the allegations in the petition for distribution are true; that all claims against the estate are paid except the claims of the administrator as set out in said final account and the

claim of the said Mildred Ewing; that the claims of the administrator are preferred in the order of payment over the claim of the said Mildred Ewing; and that the total funds and proceeds of said estate, including proceeds from sale of said stock, were it sold, are not sufficient to satisfy the claims of the administrator.

The allegations of the final account establish the fact, in themselves, that the items complained of were approved in a former account. The judgment roll, the record on appeal, and the approved bill of exceptions contain the decree and order approving the account current so establishing that fact. The entire record, including the former order, were all properly before the court for consideration when the final account was approved. Further pleadings on this subject, under these circumstances, were unnecessary. From the record it cannot be said that the question of estoppel or res judicata was not properly pleaded or was improperly presented for the first time on appeal.

Just why the trial court distributed the water stock, valued at $310, the only remaining asset of the estate, to the heirs, is not ascertainable from the record. There is some indication that the stock was being held as a pledge. It would appear that any remaining assets of the estate should ordinarily be sold to satisfy first the preferred creditors and then the others according to preference. (§§ 750, 754 and 950, Prob. Code.) In the account current, and again approved in the final account, the court found that the estate was still indebted to the executrix for advances made by her to the estate in payment of preferred claims in a sum in excess of $2,500. As appellant could not, therefore, benefit if said water stock was sold for the benefit of creditors, she would not have any preference, under her claim, to the proceeds of the sale of the water stock, if made. She therefore cannot be heard to complain in this respect, on appeal, as she would neither be injured nor benefited if the order of distribution of the water shares to the heirs was erroneous.

The order and decree are affirmed.

Barnard, P. J., and Marks, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 27, 1942.