[Civ. No. 5561. Fourth Dist. Nov. 15, 1957.]

Estate of LESLIE EUGENE HARTNETT, Deceased. LAURETTA JEAN HARTNETT et al., Appellants, v. JAMES B. ROLLE, JR. et al., Respondents.

Westover, Mansfield, Westover & Copple, William H. Westover and Alexander W. Staples for Appellants.

Thompson & Thompson, Winthrop E. Thompson, Charles L. Nichols, Ivan Miller, Christopher Hall and Richard B. Hodge for Respondents.

MUSSELL, J.—The executors of the estate of Leslie Eugene Hartnett, deceased, filed herein their first amended account current and report of executors in which a claim of the Hartnett Machinery Company, a corporation, in the sum of $24,898, was allowed and approved by them on May 6, 1954. Objection was filed by appellants to the allowance of this

claim on the ground that it was not presented to the executors and approved by them and the court within the time allowed by law for the presentation and allowance of claims against said estate. This appeal is taken from the trial court's order overruling the objection and no appeal is taken from the remaining portions of the court's order approving the account.

Leslie Eugene Hartnett died on February 5, 1954, and at the time of his death all of the stock of the Hartnett Machinery Company, a California corporation, was registered in his name, with the exception of shares in the names of the directors of the corporation for qualification purposes only. Hartnett was president of the corporation and had complete control and management of it. He was paid a salary of $25,000 per year for his services by the corporation.

In their account and report the executors stated that they had reported that the estate was chargeable with $24,898 salary due to Hartnett, that this item was offset by the claim of Hartnett Machinery Company for a like amount, and this was set forth in the report and account as a credit.

The first publication of notice to creditors was made on March 11, 1954, and the last day for the filing of claims with the executors for approval was September 11, 1954. The claim of Hartnett Machinery Company is dated April 18, 1954. It was verified by Lucille R. Hartnett on April 19, 1954, and is endorsed as follows:

"ENDORSEMENT:

"Within claim allowed and approved this 6th day of May, 1954, for the sum of $24,898.00.

"James B. Rolle, Jr.  Bryant W. Jones
"Executors

"Allowed and approved this 9 day of May, 1955 for the sum of $24,898.00

"Hilton H. McCabe
"Judge of the Superior Court."

The record shows that the disputed claim was paid by the executors on May 14, 1954, and a check therefor, payable to Hartnett Machinery Company, bears the notation "Repayment of sums borrowed by L. E. Hartnett." On the same day the claim was paid, the salary due decedent from the company in the amount of $24,898 was collected from the company and deposited in the estate account. It appears from the record that the claim of Hartnett Machinery Company was

justly due. It was paid in good faith by the executors and the amount paid was the true amount of the indebtedness over and above all payments or offsets. While it is apparent that the disputed claim was not allowed and approved by the probate judge until May 9, 1955, it was allowed by the executors on May 6, 1954, and paid by them on May 14, 1954, well within the time for the filing of claims against the estate.

In *Estate of Lindauer,* 53 Cal.App.2d 160, 164-165 [127 P.2d 589], this court held that where the legal representative, in good faith, makes proper expenditures for the estate, either from his own funds or from estate funds, without order of court, he is entitled to credit and in the absence of bad faith and abuse of discretion by the trial judge, the appellate court will not interfere with the action of the trial judge. (Citing Prob. Code, § 929, and *Estate of Maddalena,* 42 Cal. App.2d 12 [108 P.2d 17].) It was further held in the Lindauer case, *supra,* at page 165, that

"The probate court has exclusive jurisdiction upon the settlement of the account, after notice to the parties interested, to determine what items of expenditure incurred during administration are proper charges against the estate. (*Gurnee* v. *Maloney,* 38 Cal. 85 [99 Am.Dec. 352].) The court in passing upon such expenditures is vested with a broad discretion which will not be disturbed on appeal except when abused. (*Estate of Parker,* 186 Cal. 668 [200 P. 619].)"

In the instant case it is clear that no loss resulted to the estate by the payment of the claim involved. The estate was solvent and no abuse of discretion appears from the order under attack.

The order is affirmed.

Barnard, P. J., and Griffin, J., concurred.